SCOTT J. SAGARIA (BAR # 217981)
PATRICK CALHOUN (BAR #56671)
JOE ANGELO (BAR #268542)
SAGARIA LAW, P.C.
2033 Gateway Place, Floor 5
San Jose, CA 95110
408-279-2288 ph
408-279-2299 fax

Attorney for Debtor-in-Possession

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – DIVISION 3

| | |
|---|---|
| In Re:<br><br>**WAUKEEN QUANDRICO MCCOY**,<br><br>Debtor-in-Possession. | Case No.: 14-30381-HLB<br><br>Chapter 11<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEBTOR'S MOTION TO SELL REAL PROPERTY FREE AND CLEAR OF LIENS**<br><br>Date: --<br>Time: --<br>Judge: Hon. Judge Blumenstiel<br>Crtrm: 23<br>Location: 235 Pine Street, 19th Floor<br>San Francisco, CA 94104 |

## I. INTRODUCTION

Debtor Waukeen Quandrico McCoy (hereinafter "Debtor") filed a voluntary chapter 13 bankruptcy petition on March 12, 2014. On June 5, 2014, the case was converted to a case under chapter 11. The Debtor's estate includes real property commonly known as 21 Buena Vista Avenue E, San Francisco, CA 94117 (the "Property").

Prior to filing the instant case, Debtor had extensively marketed the property to potential buyers. The property was listed throughout 2013 without any offers. After reducing the price to below $4,000,000.00, the Debtor was able to produce an offer of $3,750,000.00.

That offer fell through, however, due to the liens on the property. Debtor was only able to secure one other offer.

Debtor has obtained an offer from Urban Green Investments, LLC (hereinafter "Buyer") for the total purchase price of $3,500,000.00.

Debtor is informed an believes that there are real property taxes secured against the Property in Favor of the County of San Francisco in the approximate amount of $67,768.87. Debtor intends to pay real property taxes in full. The City and County of San Francisco filed claim 19-1 for the secured delinquent property taxes.

In addition to the real property taxes, Debtor is informed and believes that the following liens are secured against the Property based on a review of a title report for the property prepared by Old Republic Title Company:

| Name | Date of Recordation | Disputed | Amount |
| --- | --- | --- | --- |
| Capital One | August 9, 2006 | N | $2,229,567.24 |
| Buena Vista Park LLC/Ken Page | March 31, 2009 | Y | $857,327.67 |
| Pensco Trust Company | February 11, 2013 | N | $72,000.00 |
| Jeremy Charles Pack (Abstract) | April 19, 2005 | Y | $12,713.39 |
| Litigation Economics, LLC (Abstract) | 12/9/2009 | | $39,641.08 |
| Jonathan McLaughlin (Mechanic's Lien) | 7/11/2013 | Y | $47,550.00 |
| CAS Construction Company (Mecahnic's Lien) | 7/1/2013 | Y | $43,730.00 |
| City and County of SF (refuse lien) | | N | $402.12 |
| Franchise Tax Board | April 29,2009 | N | $169,518.57 |
| Internal Revenue Service | October 7, 2009 | N | $823,387.33 |
| Internal Revenue Service | April 12, 2010 | N | $22,302.17 |
| Franchise Tax Board | 1/10/2011 | N | $81,201.85 |

| Franchise Tax Board | 1/10/2011 | N | $11,086.85 |
|---|---|---|---|
| Franchise Tax Board | 2/15/2012 | N | $7,503.60 |
| Internal Revenue Service | 3/14/2012 | N | $43,968.59 |
| Franchise Tax Board | 7/2/2012 | N | $44,108.65 |
| Internal Revenue Service | 8/29/2012 | N | $323,429.86 |
| Internal Revenue Service | 1/15/2013 | N | $210,445.27 |
| Franchise Tax Board | 1/16/2013 | N | $57,951.73 |
| Franchise Tax Board | 3/22/2013 | N | $57,951.73 |

The Internal Revenue Service filed claim 7-1, showing a secured amount of $2,161,967.71. The Franchise Tax Board filed claim 23-1, showing a Secured claim for $394,622.39. Capitol One has not filed a proof of claim. Buena Vista Park, LLC/Kenneth Page filed claim 13-1, showing a secured claim for $857,327.67. This claim is disputed. Litigation Economics, LLC filed claim 8-1 showing a secured claim for $39,641.08. Jonathan McLaughlin filed claim 17-1 showing a secured claim for $47,550.00. Glen French filed Claim 22-1 for CAS Construction Co. showing a secured claim of $43,730.00. Jeremy Charles Pack has not filed a Claim. The mechanics liens listed above were recorded against the property over ninety (90) days ago and are no longer valid pursuant to California Civil Code § 8460.

## II. MEMORANDUM OF POINTS AND AUTHORITIES

a. **The Debtor May Sell the Property Outside the Ordinary Course of Business**

The Debtor may sell the Property outside the ordinary course of business, after notice and a hearing, because the Debtor has obtained a fair price for the Property. Prior to filing the instant case, the Debtor extensively marketed the property, but was not able to find a suitable buyer. Furthermore, pursuant to the Sales Agreement with Buyer, the Property is to be sold with $100,000.00 commissions to be paid to Buyer's brokers, Summit Real Estate Group, Inc, which represents less than 3% of the total sales price. The Buyer is purchasing the property in good faith and for fair and adequate consideration.

### b. Pursuant to § 363(f)(4) of the Bankruptcy Code, the Debtor May Sell Free and Clear of an Interest in Property to the Extent Such Interest is in Bona Fide Dispute

The Debtor may sell the Property free and clear because a non-debtor's interest is in bona fide dispute. Pursuant to §363(f)(4), the Debtor may sell property "free and clear of an interest in such property of an entity other than the estate, only if . . . such interest is in bona fide dispute." The Courts have held that "[t]o qualify as a bona fide dispute under §363(f)(4), the disputed lien need not be the subject of an immediate or concurrent adversary proceeding," but must show "factual grounds to show some objective basis for the dispute." *In re Kellogg-Taxe*, 2014 Bankr. LEXIS 1033 (Bankr. C.D. Cal. 2014)(citing *In re Gaylord Grain L.L.C.*, 306 BR 624, 627 (8th Cir. B.A.P. 2004)). The lien of Buena Vista Park, LLC/Kenneth Page is in bona fide dispute and has been the subject of litigation (*see Waukeen Q. McCoy v. Ken Page, Buena Vista Park, et al.* Case No. CGC-11-512599). Furthermore, the Debtor's Schedule D lists the lien as "disputed." Although the lien is not currently the subject of an adversary proceeding, the Debtor may sell the Property free and clear of the Buena Vista Park, LLC lien in order to resolve the ongoing dispute with the disputed lienholder.

### III. CONCLUSION

The Court should allow the sale of the Property as prayed for in the Motion.

**SAGARIA LAW, P.C.**

Dated: July 21, 2014    By:    */s/ Joe Angelo, Esq.*
Jo Angelo, Esq.
Attorneys for Debtor