DocuSign Envelope ID: CF774B22-8549-4FCA-8DC1-282BA1065CEF



# CONTRACT FOR THE SALE AND PURCHASE OF REAL PROPERTY
**THIS IS INTENDED TO BE A LEGALLY BINDING CONTRACT. READ IT CAREFULLY.**
SAN FRANCISCO ASSOCIATION OF REALTORS®
This form is intended for use primarily in San Francisco and the northern peninsula

_____San Francisco_____ , California _____January 10, 2014_____ (Date).
_____Urban Green Investments, LLC_____ ("Buyer") offers to purchase the real property commonly known as _____21 Buena Vista Avenue East_____ , or ☐ (**if checked**) this is a purchase of a _____ % undivided interest in the entire TIC property above pursuant to an attached TIC Addendum, in the City and County of _____San Francisco_____ , California _____94117_____ (the "Property") for the Purchase Price of _____Three Million, Five Hundred Thousand_____
Dollars ($ _3,500,000.00_ ) upon the following TERMS and CONDITIONS.

1. **FINANCIAL TERMS AND CONDITIONS.**
   A. $ ___50,000.00___ **INITIAL DEPOSIT** by **personal check** or ☒ _wire_ _____ payable to **Escrow Agent** or to ☐ _____ (Payee), which **Buyer** or ☐ **Buyer's Real Estate Agent** shall deposit promptly with Payee after Acceptance of this Contract.
   B. $ _____ **ADDITIONAL DEPOSIT** to be deposited with Escrow Agent ☐ within ___ **days** after Acceptance or ☐ on or before _____ .
   C. $ _____ **NEW FIRST LOAN.** This Contract is conditioned upon Buyer obtaining a new **conventional** or ☐ **FHA** ☐ **VA** ☐ **other** _____ first loan for a term of thirty (30) or _____ years at an initial annual rate of interest not to exceed _____ % for a loan which is **fixed for the entire term** or ☐ **fixed for an initial period of** _____ **year(s) or** ☐ _____ **month(s)** and thereafter adjustable according to the lender's predetermined schedule, secured by a first deed of trust on the Property, with a loan fee of zero (0) or not more than _____ loan points and on other terms and conditions satisfactory to Buyer.
   D. $ _____ **NEW SECOND LOAN.** This Contract is conditioned upon Buyer obtaining a new second loan for a term of fifteen (15) or _____ years at an initial annual rate of interest not to exceed _____ % for a loan which is **fixed for the entire term** or ☐ **fixed for an initial period of** _____ **year(s)** and thereafter adjustable according to the lender's predetermined schedule, secured by a second deed of trust on the Property, with a loan fee of zero (0) or not more than _____ loan points and on other terms and conditions satisfactory to Buyer.
   E. $ _____ **NON-CONTINGENT FINANCING.** Buyer intends to obtain new financing in the amount specified. Seller agrees to provide prompt access to the Property for appraisal purposes. Buyer acknowledges that the full amount may not be obtainable and that the terms and availability of loans are subject to constant change. **Buyer further acknowledges that obtaining financing is not a condition of Buyer's performance.**
   F. $ _____ **OTHER FINANCING** (see attached Addendum for Assumption of Existing Loan or Seller Financing).
   G. $ _3,450,000.00_ **CASH BALANCE** which shall be deposited by Buyer with Escrow Agent prior to Close of Escrow ("COE").
   H. $ _3,500,000.00_ **PURCHASE PRICE, EXCLUDING CLOSING COSTS AND ADJUSTMENTS, IF ANY.**
   (Total of A through G.)

2. **SOURCE OF FUNDS.** Buyer represents that the funds required for the Initial Deposit, Additional Deposit, Cash Balance, and closing costs are available at Buyer's disposal, and that obtaining these funds **is not** a condition of this Contract unless paragraph 12F (Sale of Buyer's Property) is initialed, or an additional condition relating to these funds has been agreed to in writing.

3. **FINANCING PROVISIONS.** Buyer affirms that only the loan(s) specified in paragraphs 1C and 1D are needed to complete this purchase and shall act diligently and in good faith to obtain them. Within three (3) days after Acceptance, Buyer shall submit to lender(s) a complete application with all supporting documentation and authorizations required by the lender(s). If Buyer does not remove in writing the loan condition(s) established by paragraph 1 **within thirty (30) or** _____ **days** after Acceptance, either party may thereafter terminate this Contract. Brokers urge Buyer to confirm loan(s) will fund before removing loan condition(s).

4. **APPRAISAL.** This Contract is ☐ **(if checked) subject to** written appraisal at no less than the Purchase Price. If Buyer does not remove this condition in writing **within fifteen (15) or** ___ **days** after Acceptance, either party may thereafter terminate this Contract.

5. **ESCROW.** Escrow shall close **on** _____addendum_____ **(date) or** ☐ **(if checked)** _____ **days** after Acceptance. If COE falls on a weekend or legal holiday, it shall be extended to the next business day. This Contract, including any addenda and counteroffers, shall constitute escrow instructions of Buyer and Seller. The parties shall execute additional instructions consistent with this Contract and deliver them to __Old Republic Title/Cidney Bryan__ ("Escrow Agent"). Release of funds from escrow will require mutually consistent signed instructions from both Buyer and Seller, or the rendering of a judicial decision or arbitration award authorizing the release.

6. **OCCUPANCY.** Buyer **intends** or ☐ **(if checked) does not intend** to occupy the Property as Buyer's principal residence.

7. **PHYSICAL POSSESSION.** Physical possession of the Property shall be delivered to Buyer **upon recordation of the deed** or ☐ **(if checked)** by 10 a.m. or _____ (time) on _____ (date). ☐ **(If checked)** An agreement setting forth terms upon which Seller shall occupy the Property after COE is attached to and made a part of this Contract.
☐ **(if checked)** Physical possession of the Property shall be delivered subject to **tenants' rights**.

**Buyer's Initials** ___/___

**Seller's Initials** _WM_/___

Contract Page 1 of 7 (Rev. 06/13) 21 Buena Vista East

Copyright © 2013 San Francisco Association of REALTORS®
Summit Real Estate Group, Inc. 1746 Union Street San Francisco, CA 94123  Phone: (415) 269-5566  Fax:
John Warner

Case: 14-30381  Doc# 69-4  Filed: 07/21/14  Entered: 07/21/14 18:19:56  Page 1 of 11

DocuSign Envelope ID: CF774B22-8549-4FCA-8DC1-282BA1065CEF

Property: *21 Buena Vista Avenue East, San Francisco* _____ Date: *January 10, 2014*

8. **PRELIMINARY TITLE REPORT.** Within three (3) or _____ days after Acceptance, Buyer, at Buyer's expense, shall order a Preliminary Title Report from Escrow Agent. **Seller's proceeds from the sale of the Property shall be applied to pay off all monetary liens at Close of Escrow**, except that Seller shall have no obligation to pay off bonds and/or assessments unless agreed to in writing by Buyer and Seller. Buyer's objections to any matter of record ("Exceptions") shall be delivered in writing to Seller within seven (7) or __**__ days after Buyer's receipt of the Preliminary Title Report. Buyer shall not be required to object to monetary liens, other than bonds and/or assessments which Buyer does not intend to assume. Seller shall, within three (3) or _____ days after receipt of Buyer's objections, deliver to Buyer written notice that either (a) the Exceptions objected to by Buyer will be eliminated by Close of Escrow, or (b) Seller is unwilling or unable to eliminate the Exceptions. If Seller notifies Buyer that the Exceptions **will not** be eliminated by Close of Escrow, Buyer shall have three (3) or _____ days from receipt of Seller's notification to notify Seller in writing that Buyer will purchase the Property with the Exceptions to the policy of title insurance remaining in effect. If Buyer does not so notify Seller within the specified time period, either party may thereafter terminate this Contract.

9. **FIXTURES.** To the extent owned by Seller, all fixtures and fittings attached to the Property and major appliances for which custom openings or encasements have been made are included, free of liens, in the Purchase Price, **including** electrical, lighting, plumbing and heating fixtures, hardware, solar systems, screens, awnings, shutters, window coverings, drapes, curtains, and related hardware, attached floor coverings, television antennas/satellite dishes and related equipment, water softening systems, air coolers or conditioners, pool and spa equipment, mailbox, garage door openers and transmitters, security systems, private telephone systems, trees, shrubs and outdoor plants planted in the ground, and items permanently attached to the Property; **but excluding** externally-mounted audio-visual equipment (e.g. flat panel screens) and brackets, freestanding furniture attached only for earthquake safety, **and these additional exclusions:**_____
_____.

10. **PERSONAL PROPERTY. Note to Buyer: Personal property items listed in marketing information, such as in the MLS, are not included in the sale, unless specified below in this paragraph.**
(**For Residential Property**) The following personal property on the Property at the date of Acceptance **is included** in the sale, free of liens, but with no warranty of condition: [X] kitchen refrigerator, [X] stove, [ ] washer and dryer, *Seller shall retain ownership of the washer & dryer and the hot tub.*_____
_____.
(**For Rental Property**) All personal property on the Property at the date of Acceptance owned by Seller and used in operation of the Property is included. Seller shall provide, within seven (7) or _____ days after Acceptance, an inventory of the personal property.

11. **PRORATIONS AND EXPENSES.** The following shall be paid current and then prorated between Buyer and Seller as of Close of Escrow: real property taxes (based upon the latest information available regarding the assessed value of the Property and the applicable tax rate); bonds and assessments; Homeowners' Association dues and assessments; interest on any loan(s) secured by the Property assumed by Buyer; premiums for any insurance on the Property assumed by Buyer; rents; and operating expenses. Security deposits and accrued interest thereon, where the law requires interest to be paid on security deposits, shall be credited to Buyer's account at Close of Escrow. Buyer shall pay the escrow fee and title insurance premiums. Seller shall pay any real property transfer taxes. Buyer shall pay any Homeowners' Association transfer fees and move-in fees. Seller shall pay any Homeowners' Association move-out fees. Seller shall pay any prepayment penalty or other fees or charges imposed by lenders for loans being paid off through escrow. Unless specified in this Contract, all other prorations and expenses shall be paid by either Buyer or Seller in accordance with local custom. Buyer and Seller understand that the Property will be reassessed upon change of ownership. A supplemental tax bill(s) will be sent to Buyer which will reflect a change in property taxes based on the Purchase Price becoming the new assessed value. Any tax bills issued after Close of Escrow for periods of time before Close of Escrow shall be paid by Seller.

12. **ADDITIONAL TERMS AND CONDITIONS.** Paragraph A is a condition of Buyer's performance **unless modified by** paragraph B where initialed. Paragraphs B through F below are effective **only if** initialed. **Broker(s) strongly recommend that Buyer obtain the inspection reports provided by Paragraph A below, and any further inspections recommended in those reports.**
A. **PROPERTY INSPECTIONS.** Buyer's obligations under this Contract are conditioned upon Buyer's written approval, at Buyer's sole discretion, of both the physical condition of the Property and any other matter affecting the Property. Within the time specified below, Buyer shall have the right to conduct inspections of the Property by contractors, engineers, architects, and/or other experts retained by Buyer, which inspections may include but are not limited to, a general property inspection, a structural pest control inspection, the foundation, framing, roof, plumbing, sewer lines, heating, air conditioning, electrical and mechanical systems, built-in appliances, retaining walls, geologic conditions, pool/spa and related equipment, environmental hazards (such as asbestos, mold, electromagnetic fields, radon gas, lead-based paint or lead hazards, fuel or chemical storage tanks, and other materials or products), noise transmission, water/utility use restrictions, and location of property lines. **Brokers do not certify or verify lot size, boundary lines or interior square footage, information contained in inspection reports, or representations of others.** Seller shall permit the inspections upon receiving reasonable advance notice from Buyer. Buyer shall provide Seller with copies of all written reports received. **If Buyer does not remove this condition in writing within fifteen (15) or _____ days after Acceptance, either party may thereafter terminate this Contract.** During this time, Buyer may request Seller to make repairs or to credit Buyer for the estimated costs of identified repair work, but Seller shall not be obligated to agree to any such request.

**Buyer's Initials** ____/____  Copyright © 2013 San Francisco Association of REALTORS®   **Seller's Initials** *WM*/____   Contract Page 2 of 7 (Rev. 06/13) 21 Buena Vista East

Case: 14-30381    Doc# 69-4    Filed: 07/21/14    Entered: 07/21/14 18:19:56    Page 2 of 11

DocuSign Envelope ID: CF774B22-8549-4FCA-8DC1-282BA1065CEF

Property: *21 Buena Vista Avenue East, San Francisco* _____ Date: *January 10, 2014*

B. **WAIVER OF PROPERTY INSPECTIONS.** As indicated below, Buyer hereby waives Buyer's right to perform inspections as provided in paragraph 12A above. Buyer is aware that all real property and improvements contain defects and conditions which are not readily apparent and which may affect the value and/or desirability of the Property. Buyer and Seller acknowledge that Broker(s) do not guarantee and in no way assume responsibility for the condition of the Property. Buyer also is aware of Buyer's own affirmative duty to exercise due diligence in observing the condition of and inspecting the Property to protect Buyer's interests. **Buyer acknowledges that any reports Buyer may have received do not constitute representations by either Seller or Broker(s) as to the current condition of the Property. Buyer has been strongly advised to retain Buyer's own contractors and other experts to investigate the condition and suitability of all aspects of the Property and all matters affecting the value and desirability of the Property. If Buyer has elected not to perform inspections as specified in paragraph 12A above, then Buyer, by initialing the waiver below, releases Seller and Broker(s) from all claims, demands, and liabilities which in any way pertain to matters which could have been disclosed by such inspections.**

Buyer's Initials
_____/_____ Buyer hereby waives the inspection condition established by paragraph 12A above.

Buyer's Initials
_____/_____ Buyer hereby **only** waives the right to conduct a structural pest control inspection.

Buyer's Initials
_____/_____ C. **CONDOMINIUM DISCLOSURE.** Within ten (10) or _____ days after Acceptance, Seller, at Seller's expense, shall furnish Buyer with copies of the Property's legal description (including parking and storage spaces, if any), covenants, conditions and restrictions, articles of incorporation, bylaws, rules and regulations currently in force, the most recent financial statements of the Homeowners' Association (HOA), a current operating budget, one year's minutes of HOA meetings and any other documents required by law. Seller shall also advise Buyer within this time of any delinquent or special but uncollected assessments, any anticipated extraordinary maintenance or repair expenses and any pending or anticipated litigation affecting the Property. **Seller shall promptly notify Buyer of any new or revised HOA documents received by Seller prior to Close of Escrow.** If Buyer does not deliver written approval to Seller of the initial or any new or revised documents, within five (5) or _____ days after Buyer's receipt, either party may thereafter terminate this Contract. Approval of the documents shall be at Buyer's reasonable discretion. **Buyer is hereby advised that any structural pest control or other inspections of common areas may be subject to the approval of, and limited in scope by, the HOA and/or its Board of Directors.** ☐ **(If checked)** The attached Cooperative Apartment Purchase Addendum is made a part of this Contract and the time frames specified in this paragraph shall apply to that Addendum.

Buyer's Initials
_____/_____ D. **INCOME AND EXPENSE STATEMENT.** Within seven (7) or _____ days after Acceptance, Seller shall deliver to Buyer a true and complete statement of the income and expenses of the Property for calendar years _____ and the current year to date. If Buyer does not deliver to Seller, within seven (7) or _____ days after receipt of the statement, written notice approving it, either party may thereafter terminate this Contract. Approval of the statement shall be at Buyer's sole discretion.

Buyer's Initials
_____/_____ E. **RENTAL PROPERTY.** Buyer agrees to purchase the Property subject to existing leases and the rights of parties in possession. Prior to Close of Escrow, Seller agrees that no changes in the leases and/or tenancies shall be made and no new leases or rental agreements shall be entered into without Buyer's prior written consent, which consent shall not be unreasonably withheld. Within seven (7) or _____ days after Acceptance, Seller shall deliver to Buyer copies of all leases, rental agreements, applications and Section 6.14 notices as well as copies of all outstanding notices sent to tenants and a written statement of (1) any and all oral agreements with tenants, (2) uncured defaults by Seller or tenants, (3) claims made by Seller against tenants or by tenants against Seller in any court of law or to the San Francisco Rent Board or other government agencies, whether pending, threatened or resolved, (4) all tenants' deposits held by Seller, including any claimed offsets against those deposits, (5) any pass-throughs which constitute part of the existing rent, including the nature of the pass-through, the amount, and the period of time for which the pass-through is in effect, (6) which units include parking or storage spaces as part of the rent, whether any garages, parking or storage spaces are rented to non-tenants, the amount received for each space, and the terms of any rental agreement or lease for the space, (7) the rental history of each unit from the start of the current tenant's occupancy, including, but not limited to, notices of rent increases, reductions and/or changes to the terms of the tenancy, (8) any Default or Termination Notices served on tenants and, if the notices have been filed with the San Francisco Rent Board, proof of such filing, and (9) any requests from tenants for repairs, defective conditions, concessions or rent reductions, new services, or substitution of roommates. If Buyer does not deliver to Seller, within seven (7) or _____ days after receipt of the documents, written notice approving them, either party may thereafter terminate this Contract. Approval of the documents shall be at Buyer's sole discretion. Seller shall deliver to Escrow Agent prior to Close of Escrow: (1) any and all tenants' deposits, including security deposits, last month's rents, cleaning, key or other deposits, and any required interest accrued thereon through Close of Escrow, which deposits and interest shall be disbursed to Buyer at Close of Escrow; and (2) copies of any notice(s) of the transfer of deposits given by Seller to tenants.

Buyer's Initials
_____/_____

Copyright © 2013 San Francisco Association of REALTORS®

Seller's Initials
_____/_____

Contract
Page 3 of 7
(Rev. 06/13)
21 Buena Vista East

Case: 14-30381   Doc# 69-4   Filed: 07/21/14   Entered: 07/21/14 18:19:56   Page 3 of 11

Property: *21 Buena Vista Avenue East, San Francisco* _____ Date: *January 10, 2014*

**Buyer's Initials**

_____/_____ F. **SALE OF BUYER'S PROPERTY.** Buyer's obligations under this Contract are conditioned upon the sale and close of escrow of Buyer's real property, commonly known as _____, within the time specified in this Contract for Close of Escrow of the Property. Seller shall have the right to continue to offer the Property for sale and conditionally accept another offer subject to the provisions of this Contract. Following such conditional acceptance, Seller shall give Buyer written notice of Seller's acceptance of any such offer. If Buyer does not remove this condition in writing within seventy-two (72) hours after receipt of the notice, this Contract shall terminate. If Buyer elects to remove this condition, Buyer also agrees to remove any loan condition insofar as it depends on the sale of Buyer's property and within three (3) or _____ days from Buyer's removal of this condition, Buyer shall submit documentation to Seller demonstrating Buyer's financial ability to close escrow on the Property without closing escrow on Buyer's property. If Seller does not approve this documentation in writing within five (5) or _____ days of receipt, either party may thereafter terminate this Contract. Seller's approval shall not be unreasonably withheld. Paragraph 34 (Seller Termination) does not apply to this paragraph.

13. **RENTAL INFORMATION QUESTIONNAIRES ("ESTOPPELS").** Within three (3) or _____ days after Acceptance, Seller shall deliver to all tenants written Rental Information Questionnaires, requesting from each tenant acknowledgment of the terms and conditions of the tenant's rental. ☐ **(If checked)** Protected Tenant Status Information forms shall also be delivered by Seller to all eligible tenants. No later than fifteen (15) or _____ days after Acceptance, Seller shall deliver to Buyer all completed Rental Information Questionnaires and Protected Tenant Status Information forms returned by tenants to Seller. If any forms are returned after that day, Seller agrees to provide them to Buyer within two (2) days of Seller's receipt.
14. **RESIDENTIAL RENT CONTROL ORDINANCE.** If the Property is located in San Francisco, Buyer is advised that there is in effect a Residential Rent Stabilization and Arbitration Ordinance, amended from time to time, which may severely affect Buyer's rights of ownership and right to move into the Property. **Buyer is advised to research documents filed with the San Francisco Rent Board pertaining to the Property and to obtain legal advice from a real estate attorney knowledgeable and experienced in San Francisco rent control law to determine the effect of this ordinance on the Property and Buyer's intended use.**
15. **ILLEGAL UNITS OR ROOMS.** Buyer understands that units, rooms, or additions to the Property may not have been legally permitted. They may violate zoning ordinances, may have been built without building permits, and a certificate of final completion and occupancy may not have been issued. Buyer may be required to bring them into compliance or to remove kitchens or other facilities at Buyer's expense. A substantial fine may be imposed and Buyer may be prevented from renting any illegal units. **Buyer is advised to obtain legal advice from a qualified real estate attorney with respect to potential claims tenants renting illegal units may have.**
16. **COMPLIANCE WITH LOCAL, STATE AND FEDERAL LAWS.** Buyer is advised to consult with appropriate authorities to determine the extent to which local, State and federal laws may affect the ownership and use of the Property.
    A. **BUILDING PERMIT HISTORY.** (Applies if the Property contains one or more residential units.) Seller, at Seller's expense, shall order, no later than three (3) days after Acceptance, from the appropriate local governmental agency a Report of Residential Building Record ("3R") or similar report and provide same to Buyer. If Buyer does not deliver to Seller, within five (5) or __**\*\***__ days after receipt of the report, written notice approving it, either party may thereafter terminate this Contract. **Brokers do not investigate or guarantee the accuracy of the information contained in such report. Buyer is strongly advised to investigate to Buyer's own satisfaction the status of zoning, permits or code compliance with the local planning department and not rely solely on the 3R or similar report that the Property meets Buyer's intended use.**
    B. **UNDERGROUND STORAGE TANKS ("USTs").** The parties acknowledge that Article 21 of the San Francisco Health Code requires owners of real property in San Francisco with USTs located on or immediately adjacent to the Property to file a plan for their closure within thirty (30) days of discovery. If Seller has not provided Buyer with a written report by a licensed contractor specializing in USTs stating that no such tanks can be located, then Buyer is advised to conduct Buyer's own professional inspection, which Seller shall permit. If the inspection reveals the existence of USTs, then Seller shall, at Seller's expense, remove them and complete any necessary remedial work to the Property prior to Close of Escrow. Buyer may be responsible for USTs found after Close of Escrow.
    C. **ENERGY AND WATER CONSERVATION.** Unless an exemption applies, Seller, at Seller's expense, shall order an energy and/or water conservation inspection. If the inspection indicates the need for conservation work, then Seller shall pay the cost of the work, not to exceed the maximum expenditure amount, if any, required by local law. Seller shall complete the work by Close of Escrow and comply with all filing, recordation and other requirements.
    D. **LEAD-BASED PAINT HAZARDS DISCLOSURE.** Seller shall complete and deliver to Buyer within three (3) days after Acceptance, a Lead-Based Paint Hazards Disclosure and Addendum in compliance with 42 U.S.C. 4852d.
    E. **NATURAL HAZARDS DISCLOSURE STATEMENT.** Seller shall disclose to Buyer within seven (7) days after Acceptance, if the Property is located in a Special Flood Hazard Area, an Area of Potential Flooding as shown on a dam failure inundation map, a Very High Fire Hazard Severity Zone, a Wildland Fire Area that may contain substantial forest fire risks and hazards, an Earthquake Fault Zone, a Seismic Hazard Zone, or any other zone for which disclosure is required by law.
    F. **SMOKE AND CARBON MONOXIDE DETECTORS.** Unless an exemption applies, State and local law requires that every residential property be properly equipped with approved and functioning smoke (or heat) and carbon monoxide detectors. If such detectors are not installed on the Property in accordance with applicable law, Seller shall install and pay for the detectors prior to Close of Escrow.

**Buyer's Initials**
____/____
Copyright © 2013 San Francisco Association of REALTORS®

**Seller's Initials**
*WM* / ____

Contract
Page 4 of 7
(Rev. 06/13)
21 Buena Vista East

DocuSign Envelope ID: CF774B22-8549-4FCA-8DC1-282BA1065CEF

Property: _21 Buena Vista Avenue East, San Francisco_ Date: _January 10, 2014_

G. **WATER HEATERS.** California law requires that water heaters be strapped, braced or anchored to resist falling or displacement. The State Uniform Plumbing Code also requires that new or replacement water heaters located in a garage area be installed in such a manner that their ignition point is at least 18 inches above the floor. Buyer is hereby notified that different local authorities may have more stringent requirements, such as in Daly City which requires existing water heaters to be elevated. Seller shall, at Seller's expense, bring any water heater installations into compliance with local requirements prior to Close of Escrow.

17. **REAL ESTATE TRANSFER DISCLOSURE STATEMENT.**
    A. **ONE TO FOUR DWELLING UNITS.** If the Property contains one (1) to four (4) dwelling units and a Real Estate Transfer Disclosure Statement ("TDS") is required by law, unless previously delivered, Seller shall complete and deliver to Buyer, within three (3) or _____ days after Acceptance, a TDS in compliance with the provisions of California Civil Code §1102 et seq.
    B. **SUPPLEMENT TO TDS.** If a TDS is required by law, unless previously delivered, Seller shall complete and deliver to Buyer, within three (3) or _____ days after Acceptance, a local Supplement to the TDS.
18. **BUYER'S RETURN OF SIGNED DOCUMENTS.** Buyer shall return to Seller signed copies of all applicable reports and disclosures, referenced in paragraphs 16 and 17 within seven (7) or __**__ days after Acceptance.
19. **MEGAN'S LAW.** Notice: Pursuant to Section 290.46 of the Penal Code, information about specified registered sex offenders is made available to the public via an Internet Web site maintained by the Department of Justice at http://www.meganslaw.ca.gov. Depending on an offender's criminal history, this information will include either the address at which the offender resides or the community of residence and ZIP Code in which he or she resides.
20. **NOTICE REGARDING GAS AND HAZARDOUS LIQUID TRANSMISSION PIPELINES.** This notice is being provided simply to inform you that information about the general location of gas and hazardous liquid transmission pipelines is available to the public via the National Pipeline Mapping System (NPMS) Internet Web site maintained by the United States Department of Transportation at http://www.npms.phmsa.dot.gov. To seek further information about possible transmission pipelines near the Property, you may contact your local gas utility or other pipeline operators in the area. Contact information for pipeline operators is searchable by ZIP Code and county on the NPMS Internet Web site.
21. **CONDITION OF PROPERTY.** Seller represents to Buyer and Broker(s) that Seller has no knowledge or notice that the Property has any material defects other than as disclosed by Seller in the TDS or other writing before Acceptance or as soon thereafter as practicable. Seller shall maintain the Property in the same general condition as when this Contract was signed by Buyer and Seller until possession is delivered to Buyer. Seller shall deliver the Property free of debris and in broom-clean condition and provide Buyer, at possession, with existing keys to all property locks, mail boxes, gates, alarms and garage doors, and garage door remote controls, if any. Buyer and Seller agree that Broker(s) shall not be responsible for Seller's performance under this paragraph.
22. **WALK-THROUGH INSPECTION.** Buyer shall have the right to make a final inspection of the Property five (5) or _____ days prior to Close of Escrow, not as a condition of the sale but solely to confirm that: (a) the Property is in substantially the same condition as on the date of Acceptance, unless otherwise agreed to in writing; and (b) Seller has complied with all additional written obligations regarding the condition of the Property.
23. **HOME WARRANTY PLANS.** Buyer and Seller acknowledge that they are aware of the availability of home warranty plans which provide limited coverage against system and appliance failures, but have not relied upon any representation by Broker(s) regarding the extent of coverage of any such plan. ☐ **(If checked)** A one-year home warranty plan shall be purchased at a cost not to exceed $_____, to be paid by _____ . The cost of any additional coverage shall be borne by Buyer.
24. **RISK OF LOSS.** All risk of loss to the Property shall be borne by Seller until title has been conveyed to Buyer. If improvements on the Property are destroyed or materially damaged in an amount exceeding five percent (5%) of the Purchase Price prior to transfer of title, Buyer shall have the right to terminate this Contract. All damage totaling less than five percent (5%) of the Purchase Price shall be paid by Seller.
25. **AGENCY RELATIONSHIPS CONFIRMATION.** The following agency relationships are hereby confirmed for this transaction:
    Listing Agent (_____) Selling Agent (_Summit Real Estate Group, Inc._)
    is the agent of                                   (if not the same as Listing Agent) is the agent of
    ☐ the Seller exclusively; or                      ☒ the Buyer exclusively; or
    ☐ both the Buyer and Seller.                      ☐ the Seller exclusively; or
                                                      ☐ both the Buyer and Seller.
26. **BROKERS.** Neither Broker(s) nor Real Estate Agent(s) are parties to this Contract between Buyer and Seller. The term Real Estate Agent as used in this Contract shall mean the licensed individual(s) who have personally served as agent(s) for either the Buyer or the Seller in the preparation, negotiation and review of this Contract.
27. **TAX WITHHOLDING.** If Seller is a foreign person, as defined in the Foreign Investment in Real Property Tax Act ("FIRPTA"), Buyer must, unless an exemption applies, withhold from Seller's proceeds ten percent (10%) of the gross sale price of the Property. Also, the California Revenue and Taxation Code requires Buyer to withhold from Seller's proceeds three and one-third percent (3 1/3%) of the gross sale price, unless Seller signs an affidavit stating that the Property has been Seller's principal residence as defined in IRC §121, or another exemption applies. Prior to Close of Escrow, Seller and Buyer shall deliver to Escrow Agent all documentation reasonably necessary to carry out the provisions of these laws. Buyer is authorized to deduct from Seller's proceeds any amounts required thereunder.

Buyer's Initials _____  Seller's Initials _____ / _____

Copyright © 2013 San Francisco Association of REALTORS®

Contract Page 5 of 7 (Rev. 06/13) 21 Buena Vista East

Case: 14-30381  Doc# 69-4  Filed: 07/21/14  Entered: 07/21/14 18:19:56  Page 5 of 11

DocuSign Envelope ID: CF774B22-8549-4FCA-8DC1-282BA1065CEF

Property: *21 Buena Vista Avenue East, San Francisco*     Date: *January 10, 2014*

28. **MEDIATION OF DISPUTES.** If a dispute arises regarding this Contract, Buyer and Seller agree to first attempt in good faith to settle the dispute by non-binding mediation before resorting to court action or binding arbitration. In mediation, a mutually acceptable resolution is sought rather than a settlement being imposed on the parties. Mediation fees shall be paid equally by Buyer and Seller. If the parties cannot agree on a mediator, Judicial Arbitration and Mediation Services ("JAMS") shall be used. This paragraph shall not apply to any disputes within the jurisdictional limits of Small Claims Court. Any party who fails or refuses to mediate as required by this paragraph, shall not be entitled to any attorney's fees award under this Contract. A court action to obtain a provisional remedy shall not be a violation of this paragraph provided the party commencing the action agrees, pending mediation, to an immediate stay of the court action after obtaining the provisional remedy. This paragraph shall apply regardless of whether the parties also agree to arbitration.

29. **ARBITRATION OF DISPUTES.** Any dispute or claim in law or equity arising out of this Contract or any resulting transaction shall be decided by neutral binding arbitration in accordance with the rules of the American Arbitration Association or JAMS (determined by the first filing party) and not by court action, except as provided by California law for judicial review of arbitration proceedings. The parties shall have the right to discovery in accordance with Code of Civil Procedure §1283.05. Arbitrators can award compensatory damages, punitive damages, and/or order specific performance, injunctive relief and declaratory relief. Judgment upon the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof. The following matters are excluded from arbitration hereunder: (a) a judicial or non-judicial foreclosure or other action or proceeding to enforce a deed of trust, mortgage, or real property sales contract as defined in Civil Code §2985; (b) an unlawful detainer action; (c) the filing or enforcement of a mechanic's lien; (d) any matter which is within the jurisdiction of a probate court or a Small Claims Court; or (e) an action for bodily injury or wrongful death. The filing of a judicial action to enable the recording of a notice of pending action, for order of attachment, receivership, injunction, or other provisional remedies, shall not constitute a waiver of the right to arbitrate under this provision.

"NOTICE: BY INITIALLING IN THE SPACE BELOW YOU ARE AGREEING TO HAVE ANY DISPUTE ARISING OUT OF THE MATTERS INCLUDED IN THE 'ARBITRATION OF DISPUTES' PROVISION DECIDED BY NEUTRAL ARBITRATION AS PROVIDED BY CALIFORNIA LAW AND YOU ARE GIVING UP ANY RIGHTS YOU MIGHT POSSESS TO HAVE THE DISPUTE LITIGATED IN A COURT OR JURY TRIAL. BY INITIALLING IN THE SPACE BELOW YOU ARE GIVING UP YOUR JUDICIAL RIGHTS TO DISCOVERY AND APPEAL, UNLESS THOSE RIGHTS ARE SPECIFICALLY INCLUDED IN THE 'ARBITRATION OF DISPUTES' PROVISION. IF YOU REFUSE TO SUBMIT TO ARBITRATION AFTER AGREEING TO THIS PROVISION, YOU MAY BE COMPELLED TO ARBITRATE UNDER THE AUTHORITY OF THE CALIFORNIA CODE OF CIVIL PROCEDURE. YOUR AGREEMENT TO THIS ARBITRATION PROVISION IS VOLUNTARY."

"WE HAVE READ AND UNDERSTAND THE FOREGOING AND AGREE TO SUBMIT DISPUTES ARISING OUT OF THE MATTERS INCLUDED IN THE 'ARBITRATION OF DISPUTES' PROVISION TO NEUTRAL ARBITRATION."

Buyer's Initials \_\_\_\_\_/\_\_\_\_\_     Seller's Initials \_WM\_/\_\_\_\_\_

30. **LIQUIDATED DAMAGES.** If Buyer fails to complete this purchase because of Buyer's default, Seller shall retain, as liquidated damages, the deposit actually paid. If the Property is a dwelling with no more than four units, one of which Buyer intends to occupy, then the amount retained shall be no more than 3% of the Purchase Price. Any excess shall be returned to Buyer. Release of funds will require mutual, signed release instructions from both Buyer and Seller, judicial decision or arbitration award. BUYER AND SELLER SHALL SIGN A SEPARATE LIQUIDATED DAMAGES PROVISION FOR ANY INCREASED DEPOSIT.

Buyer's Initials \_\_\_\_\_/\_\_\_\_\_     Seller's Initials \_WM\_/\_\_\_\_\_

31. **LEGAL ADVICE.** Buyer and Seller acknowledge that they have not received or relied upon any representation by Broker(s) regarding Arbitration and Liquidated Damages and that they have been advised by Broker(s) to seek legal advice from an attorney. In the event only one party initials either clause (Arbitration or Liquidated Damages), that clause shall not be part of the contract as formed.

32. **ACCEPTANCE.** Under this Contract, Acceptance occurs only when Seller signs Buyer's original offer without any changes and a signed copy of the offer is delivered to Buyer or Buyer's Real Estate Agent, OR when the last of any counter offers has been signed by the receiving party without any changes and a signed copy of that counter offer is delivered to the issuing party. Signed means by application of a written signature or, to the fullest extent allowed by California law, an electronic signature on an original document, counterpart, photocopy or electronic copy. Buyer and Seller agree that electronic means will not be used by either of them to alter the content or integrity of the Contract without the knowledge of, and consent by, the other party.

33. **DELIVERY OF DOCUMENTS.** All documents to be delivered by a party under this Contract, including but not limited to the Acceptance and/or any termination notice issued by Buyer or Seller, shall be in writing and effective only upon personal receipt by the other party or that party's Real Estate Agent. Delivery by any method (e.g. personal, mail, fax, e-mail, etc.) is effective.

Buyer's Initials \_\_\_\_\_/\_\_\_\_\_     Seller's Initials \_WM\_/\_\_\_\_\_

Case: 14-30381    Doc# 69-4    Filed: 07/21/14    Entered: 07/21/14 18:19:56    Page 6 of 11

Property: <u>21 Buena Vista Avenue East, San Francisco</u>  Date: <u>January 10, 2014</u>

34. **SELLER TERMINATION.** Termination of this Contract by Seller as provided for herein shall be effected only by delivery of a written notice of termination to Buyer which provides at least a 24-hour period to perform contractual term(s) or remove condition(s). In the event that Buyer does not perform as noticed, Seller may terminate this Contract. Upon termination, this Contract shall be of no further force or effect, and all funds, documents and instructions held by Seller, Buyer, Broker(s) or Escrow Agent shall be promptly returned to the person who delivered the same to the holder, unless otherwise expressly provided for herein. Any escrow or title company charges and fees shall be borne by Buyer.
35. **NON-CONFIDENTIALITY OF OFFERS.** Buyer is advised that Seller or Seller's representatives may not treat the existence, terms or conditions of offers as confidential unless such is required by law, regulation or a pre-existing written agreement between the parties.
36. **TIME.** Time is of the essence. All references in this Contract to "days" shall mean calendar days.
37. **ATTORNEY'S FEES.** In any action, proceeding or arbitration between Buyer and Seller arising out of this Contract, the prevailing party shall be entitled to reasonable attorney fees and costs from the non-prevailing party.
38. **GENERAL PROVISIONS.** This Contract contains the entire agreement of the parties. Any purported or prior agreement or representation respecting the Property or the duties of Buyer and Seller in relation thereto which is not expressly set forth herein is null and void. No amendment to or modification of this Contract shall be valid or enforceable unless in writing and signed by Buyer and Seller. This Contract shall be binding upon, and inure to the benefit of, the parties' respective heirs, successors and assigns.
39. **MULTIPLE LISTING SERVICE.** The parties grant to the San Francisco Association of REALTORS® Multiple Listing Service ("MLS") the right to publish and disseminate the sales price, terms of this Contract and any other information about the Property and authorize their respective Real Estate Agent(s) to submit such information under the applicable MLS Rules.
40. **ACKNOWLEDGMENT OF RECEIPT.** The parties hereby acknowledge receipt of a copy of this Contract and represent that they have read, and that they understand, its provisions.
41. **ADDITIONAL TERMS AND CONDITIONS** including all attached Addenda signed by Buyer and Seller shall be deemed a part of this Contract. <u>See attached Addendum #1 & Commission Agreement</u>

42. **EXPIRATION.** This offer shall be deemed revoked unless a copy of this Contract with Seller's signature accepting it is delivered to Buyer or Buyer's Real Estate Agent within twenty-four (24) or _____ hours of presentation to Seller, or [X] **(if checked)** not later than <u>6:00</u> ☐ AM/[X] PM on <u>January 11, 2014</u> (date).
NO REPRESENTATION IS MADE AS TO THE LEGAL SUFFICIENCY OR VALIDITY OF ANY PROVISION OF THIS CONTRACT FOR ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER OR AGENT CAN ADVISE ON REAL ESTATE TRANSACTIONS ONLY. FOR LEGAL OR TAX ADVICE, CONSULT A QUALIFIED ATTORNEY OR CPA.

Buyer _____ Date <u>01/10/2014</u>   Buyer _____ Date _____
Urban Green Investments, LLC

ACCEPTANCE
The undersigned Seller hereby accepts the foregoing offer and agrees to sell the Property on the terms and conditions set forth herein, **or** ☐ **(if checked) accepts on the above terms and conditions as amended by the counteroffer** dated _____.

Seller _____*Waukeen McCoy*_____ Date <u>01/10/2014</u>   Seller _____ Date _____
Waukeen McCoy

| BROKER COMPENSATION AGREEMENT AND ACKNOWLEDGMENT OF AGENCY RELATIONSHIPS |
|---|

Listing Broker agrees to assign and pay to Selling Broker from the commission as set forth in a separate written listing agreement between Seller and Listing Broker, the amount specified in the MLS, **or** ☐ **(if checked)** _____ .
Any percentages shown shall be based upon the Purchase Price, unless otherwise specified. Broker(s) hereby agree to the terms and conditions for compensation stated above and acknowledge the agency relationships confirmed in this contract.

Selling Broker _____*Summit Real Estate Group, Inc.*_____ DRE License # <u>01877894</u>
By (Real Estate Agent for Buyer) _____ Date <u>11/19/2013</u> DRE License # <u>01249361</u>
Summit Real Estate Group, Inc.
Listing Broker _____*Summit Real Estate Group, Inc.*_____ DRE License # _____
By (Real Estate Agent for Seller) _____ Date _____ DRE License # _____

Reviewed by Managing Broker _____ Date _____

Copyright © 2013 San Francisco Association of REALTORS®

Contract
Page 7 of 7
(Rev. 06/13)
21 Buena Vista East

Case: 14-30381   Doc# 69-4   Filed: 07/21/14   Entered: 07/21/14 18:19:56   Page 7 of 11

DocuSign Envelope ID: CF774B22-8549-4FCA-8DC1-282BA1065CEF

DocuSign Envelope ID: CF774B22-8549-4FCA-8DC1-282BA1065CEF



# CONTRACT ADDENDUM No. __1__
## SAN FRANCISCO ASSOCIATION OF REALTORS® STANDARD FORM
This form is intended for use primarily in San Francisco and the northern peninsula.

The following terms and conditions are hereby incorporated in and made a part of the [X] Contract for the Sale and Purchase of Real Property, or ☐ Counter Offer No _____ ,or ☐ other _____ dated __January 10, 2014__
for the Property known as __21 Buena Vista Avenue East, San Francisco, CA 94117__
between __Urban Green Investments, LLC__ (Buyer)
and __Waukeen McCoy__ (Seller)

1. (**) Buyer shall have 15 days from acceptance to approve all documents, disclosures, and/or inspections pursuant to this contract.

2. Buyer shall have the right to assign this contract and take title in the name of any entity that is controlled by Urban Green Investments, LLC or its principals.

3. Close of Escrow shall be the later date of (i) 45 days after Acceptance, or (ii) 10 days after the escrow company has confirmed that it has received valid payoff demands, releases, and/or reconveyance documents from all lien holders, and that clear title can be delivered.

4. If the Seller cannot deliver clear title within 45 days after Acceptance, Buyer shall have the right to cancel this contract and refund its escrow deposit (notwithstanding any prior contingency release), or extend the closing date, as Buyer elects in its sole and absolute discretion.

Any inconsistencies between the terms and conditions stated in this Addendum and those contained in the document indicated above shall be resolved in favor of this Addendum.

The foregoing terms and conditions are hereby agreed to and the undersigned acknowledge receipt of a copy of this Addendum.

Date __January 10, 2014__
Buyer __Urban Green Investments, LLC__
Buyer _____

Date __January 10, 2014__
Seller __Waukeen McCoy__ (DocuSigned by: Waukeen McCoy)
Seller _____

(Rev. 1/00) Copyright © 2000 San Francisco Association of REALTORS®
Summit Real Estate Group, Inc. 1746 Union Street San Francisco, CA 94123
Phone: (415) 269-5566  Fax:  John Warner  21 Buena Vista



**CALIFORNIA ASSOCIATION OF REALTORS®**

# COMMISSION AGREEMENT
(C.A.R. Form CA, Revised 11/12)

1. **COMPENSATION:** Notice: The amount or rate of real estate commissions is not fixed by law. They are set by each broker individually and may be negotiable between the Seller/Buyer/Landlord/Tenant/Optionor/Optionee ("Principal") and Broker.

   _Waukeen McCoy_ ("Principal"), agrees to pay to _Summit Real Estate Group, Inc_ , ("Broker(s)"), as compensation for services, irrespective of agency relationships, the sum of either ☐ _____ percent of the transaction price, or ☒ _One Hundred Thousand_ Dollars ($ _100,000.00_ ), for property situated in the City of _San Francisco_ , County of _____, California, described as _21 Buena Vista Avenue East_ .
   
   Compensation is payable if Principal accepts an offer on the above described property no later than _01/17/2014_ (date) as follows: **(i)** On recordation of the deed or other evidence of title or, if a lease, on execution of the lease, or if an option, on execution of the option agreement; or **(ii)** If completion of the transaction is prevented by default of Principal, then upon such default; or **(iii)** If completion of the transaction is prevented by a party to the transaction other than Principal, then only if and when Principal collects damages by suit, settlement, or otherwise, and then in an amount equal to the lesser of one-half of the damages recovered, or the above compensation, after first deducting title and escrow expenses and the expenses of collection, if any. Broker may cooperate with other brokers, and divide with other brokers such compensation in any manner acceptable to Broker. Principal hereby irrevocably assigns to Broker the above compensation from Principal's funds and proceeds in escrow.

2. **ATTORNEY FEES:** In any action, proceeding, or arbitration between Principal and Broker(s) arising out of this Agreement, the prevailing party shall be entitled to reasonable attorney fees and costs.

3. **DISPUTE RESOLUTION:**
   A. **MEDIATION:** Principal and Broker agree to mediate any dispute or claim arising between them out of this Agreement, or any resulting transaction, before resorting to arbitration or court action. Mediation fees, if any, shall be divided equally among the parties involved. If, for any dispute or claim to which this paragraph applies, any party (i) commences an action without first attempting to resolve the matter through mediation, or (ii) before commencement of an action, refuses to mediate after a request has been made, then that party shall not be entitled to recover attorney fees, even if they would otherwise be available to that party in any such action. THIS MEDIATION PROVISION APPLIES WHETHER OR NOT THE ARBITRATION PROVISION IS INITIALED. **Exclusions from this mediation agreement are specified in paragraph 3C.**
   
   B. **ARBITRATION OF DISPUTES:**
   Principal and Broker agree that any dispute or claim in Law or equity arising between them out of this Agreement or any resulting transaction, which is not settled through mediation, shall be decided by neutral, binding arbitration. The arbitrator shall be a retired judge or justice, or an attorney with at least 5 years of residential real estate Law experience, unless the parties mutually agree to a different arbitrator. The parties shall have the right to discovery in accordance with Code of Civil Procedure §1283.05. In all other respects, the arbitration shall be conducted in accordance with Title 9 of Part 3 of the Code of Civil Procedure. Judgment upon the award of the arbitrator(s) may be entered into any court having jurisdiction. Enforcement of this agreement to arbitrate shall be governed by the Federal Arbitration Act. Exclusions from this arbitration agreement are specified in paragraph 3C.
   
   "NOTICE: BY INITIALING IN THE SPACE BELOW YOU ARE AGREEING TO HAVE ANY DISPUTE ARISING OUT OF THE MATTERS INCLUDED IN THE 'ARBITRATION OF DISPUTES' PROVISION DECIDED BY NEUTRAL ARBITRATION AS PROVIDED BY CALIFORNIA LAW AND YOU ARE GIVING UP ANY RIGHTS YOU MIGHT POSSESS TO HAVE THE DISPUTE LITIGATED IN A COURT OR JURY TRIAL. BY INITIALING IN THE SPACE BELOW YOU ARE GIVING UP YOUR JUDICIAL RIGHTS TO DISCOVERY AND APPEAL, UNLESS THOSE RIGHTS ARE SPECIFICALLY INCLUDED IN THE 'ARBITRATION OF DISPUTES' PROVISION. IF YOU REFUSE TO SUBMIT TO ARBITRATION AFTER AGREEING TO THIS PROVISION, YOU MAY BE COMPELLED TO ARBITRATE UNDER THE AUTHORITY OF THE CALIFORNIA CODE OF CIVIL PROCEDURE. YOUR AGREEMENT TO THIS ARBITRATION PROVISION IS VOLUNTARY."
   
   "WE HAVE READ AND UNDERSTAND THE FOREGOING AND AGREE TO SUBMIT DISPUTES ARISING OUT OF THE MATTERS INCLUDED IN THE 'ARBITRATION OF DISPUTES' PROVISION TO NEUTRAL ARBITRATION."
   
   Principal's Initials _WM_ / _____ Broker's Initials _JW_ / _____
   
   C. **ADDITIONAL MEDIATION AND ARBITRATION TERMS:** The following matters shall be excluded from mediation and arbitration: (i) a judicial or non-judicial foreclosure or other action or proceeding to enforce a deed of trust, mortgage or installment land sale contract as defined in Civil Code §2985; (ii) an unlawful detainer action; (iii) the filing or enforcement of a mechanic's lien; and (iv) any matter that is within the jurisdiction of a probate, small claims or bankruptcy court. The filing of a court action to enable the recording of a notice of pending action, for order of attachment, receivership, injunction, or other provisional remedies, shall not constitute a waiver or violation of the mediation and arbitration provisions.

4. **OTHER TERMS AND CONDITIONS:** _This agmt relates solely to purchase by "UGI" and/or affiliates._

Principal has read and acknowledges receipt of a copy of this Agreement.

Principal _____ _Waukeen McCoy_ (DocuSigned by: _Waukeen McCoy_ 59000162146A405...)
(Print name) _Waukeen McCoy_
Address _941 Clayton_
_San Francisco, CA_
Date _____ Phone/Fax/Email _____

Principal _____
(Print name) _____
Address _____
Date _____ Phone/Fax/Email _____

Real Estate Broker agrees to the foregoing:
Broker _Summit Real Estate Group, Inc._
BRE Lic. # _01249361_
By _/s/ John Warner_ Date _01/10/2014_

The copyright laws of the United States (Title 17 U.S. Code) forbid the unauthorized reproduction of this form by any means, including facsimile or computerized formats. Copyright © 1986-2012, CALIFORNIA ASSOCIATION OF REALTORS® Inc. All Rights Reserved.
THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ADEQUACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.
This form is available for use by the entire real estate industry. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, INC.
a subsidiary of the California Association of REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020

Reviewed by _____ Date _____

**EQUAL HOUSING OPPORTUNITY**

CA REVISED 11/12 (PAGE 1 OF 1)

**COMMISSION AGREEMENT (CA PAGE 1 OF 1)**

Agent: John Warner Phone: (415) 269-5556 Fax: Prepared using zipForm® software
Broker: Summit Real Estate Group, Inc. 1746 Union Street San Francisco, CA 94123



# DISCLOSURE REGARDING
# REAL ESTATE AGENCY RELATIONSHIP
(Selling Firm to Buyer)
(As required by the Civil Code)
(C.A.R. Form AD, Revised 11/12)

☐ (If checked) This form is being provided in connection with a transaction for a leaseholder interest in a dwelling exceeding one year as per Civil Code section 2079.13(j) and (l).

When you enter into a discussion with a real estate agent regarding a real estate transaction, you should from the outset understand what type of agency relationship or representation you wish to have with the agent in the transaction.

## SELLER'S AGENT
A Seller's agent under a listing agreement with the Seller acts as the agent for the Seller only. A Seller's agent or a subagent of that agent has the following affirmative obligations:
To the Seller: A Fiduciary duty of utmost care, integrity, honesty and loyalty in dealings with the Seller.
To the Buyer and the Seller:
   (a) Diligent exercise of reasonable skill and care in performance of the agent's duties.
   (b) A duty of honest and fair dealing and good faith.
   (c) A duty to disclose all facts known to the agent materially affecting the value or desirability of the property that are not known to, or within the diligent attention and observation of, the parties. An agent is not obligated to reveal to either party any confidential information obtained from the other party that does not involve the affirmative duties set forth above.

## BUYER'S AGENT
A selling agent can, with a Buyer's consent, agree to act as agent for the Buyer only. In these situations, the agent is not the Seller's agent, even if by agreement the agent may receive compensation for services rendered, either in full or in part from the Seller. An agent acting only for a Buyer has the following affirmative obligations:
To the Buyer: A fiduciary duty of utmost care, integrity, honesty and loyalty in dealings with the Buyer.
To the Buyer and the Seller:
   (a) Diligent exercise of reasonable skill and care in performance of the agent's duties.
   (b) A duty of honest and fair dealing and good faith.
   (c) A duty to disclose all facts known to the agent materially affecting the value or desirability of the property that are not known to, or within the diligent attention and observation of, the parties.
An agent is not obligated to reveal to either party any confidential information obtained from the other party that does not involve the affirmative duties set forth above.

## AGENT REPRESENTING BOTH SELLER AND BUYER
A real estate agent, either acting directly or through one or more associate licensees, can legally be the agent of both the Seller and the Buyer in a transaction, but only with the knowledge and consent of both the Seller and the Buyer.
In a dual agency situation, the agent has the following affirmative obligations to both the Seller and the Buyer:
   (a) A fiduciary duty of utmost care, integrity, honesty and loyalty in the dealings with either the Seller or the Buyer.
   (b) Other duties to the Seller and the Buyer as stated above in their respective sections.
In representing both Seller and Buyer, the agent may not, without the express permission of the respective party, disclose to the other party that the Seller will accept a price less than the listing price or that the Buyer will pay a price greater than the price offered.
The above duties of the agent in a real estate transaction do not relieve a Seller or Buyer from the responsibility to protect his or her own interests. You should carefully read all agreements to assure that they adequately express your understanding of the transaction. A real estate agent is a person qualified to advise about real estate. If legal or tax advice is desired, consult a competent professional.
Throughout your real property transaction you may receive more than one disclosure form, depending upon the number of agents assisting in the transaction. The law requires each agent with whom you have more than a casual relationship to present you with this disclosure form. You should read its contents each time it is presented to you, considering the relationship between you and the real estate agent in your specific transaction. **This disclosure form includes the provisions of Sections 2079.13 to 2079.24, inclusive, of the Civil Code set forth on page 2. Read it carefully. I/WE ACKNOWLEDGE RECEIPT OF A COPY OF THIS DISCLOSURE AND THE PORTIONS OF THE CIVIL CODE PRINTED ON THE BACK (OR A SEPARATE PAGE).**

☒ Buyer ☐ Seller ☐ Landlord ☐ Tenant _____ Date 01/10/2014
Urban Green Investments, LLC

☐ Buyer ☐ Seller ☐ Landlord ☐ Tenant _____ Date _____

Agent _____Summit Real Estate Group, Inc._____ DRE Lic. # 01877894
         Real Estate Broker (Firm)
By _____John Warner_____ DRE Lic. # 01249361 Date 01/10/2014
(Salesperson or Broker-Associate) Summit Real Estate Group, Inc.

---

**Agency Disclosure Compliance (Civil Code §2079.14):**
- When the listing brokerage company also represents Buyer/Tenant: The Listing Agent shall have one AD form signed by Seller/Landlord and a different AD form signed by Buyer/Tenant.
- When Seller/Landlord and Buyer/Tenant are represented by different brokerage companies: (i) the Listing Agent shall have one AD form signed by Seller/Landlord and (ii) the Buyer's/Tenant's Agent shall have one AD form signed by Buyer/Tenant and either that same or a different AD form presented to Seller/Landlord for signature prior to presentation of the offer. If the same form is used, Seller may sign here:

_____Waukeen McCoy_____          01/10/2014          _____          _____
Seller/Landlord                    Date                 Seller/Landlord                 Date
Waukeen McCoy

---

The copyright laws of the United States (Title 17 U.S. Code) forbid the unauthorized reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. Copyright © 1991-2010, CALIFORNIA ASSOCIATION OF REALTORS®, INC. ALL RIGHTS RESERVED.

| Reviewed by _____ Date _____ |


EQUAL HOUSING OPPORTUNITY

AD REVISED 11/12 (PAGE 1 OF 2)

**DISCLOSURE REGARDING REAL ESTATE AGENCY RELATIONSHIP (AD PAGE 1 OF 2)**

| Agent: John Warner      Phone: (415) 269-5566      Fax:      Prepared using zipForm® software |
| Broker: Summit Real Estate Group, Inc. 1746 Union Street San Francisco, CA 94123 |

DocuSign Envelope ID: CF774B22-8549-4FCA-8DC1-282BA1065CEF

## CIVIL CODE SECTIONS 2079.24 (2079.16 APPEARS ON THE FRONT)

**2079.13** As used in Sections 2079.14 to 2079.24, inclusive, the following terms have the following meanings:
**(a)** "Agent" means a person acting under provisions of title 9 (commencing with Section 2295) in a real property transaction, and includes a person who is licensed as a real estate broker under Chapter 3 (commencing with Section 10130) of Part 1 of Division 4 of the Business and Professions Code, and under whose license a listing is executed or an offer to purchase is obtained. **(b)** "Associate licensee" means a person who is licensed as a real estate broker or salesperson under Chapter 3 (commencing with Section 10130) of Part 1 of Division 4 of the Business and Professions Code and who is either licensed under a broker or has entered into a written contract with a broker to act as the broker's agent in connection with acts requiring a real estate license and to function under the broker's supervision in the capacity of an associate licensee. The agent in the real property transaction bears responsibility for his or her associate licensees who perform as agents of the agent. When an associate licensee owes a duty to any principal, or to any buyer or seller who is not a principal, in a real property transaction, that duty is equivalent to the duty owed to that party by the broker for whom the associate licensee functions. **(c)** "Buyer" means a transferee in a real property transaction, and includes a person who executes an offer to purchase real property from a seller through an agent, or who seeks the services of an agent in more than a casual, transitory, or preliminary manner, with the object of entering into a real property transaction. "Buyer" includes vendee or lessee. **(d)** "Dual agent" means an agent acting, either directly or through an associate licensee, as agent for both the seller and the buyer in a real property transaction. **(e)** "Listing agreement" means a contract between an owner of real property and an agent, by which the agent has been authorized to sell the real property or to find or obtain a buyer. **(f)** "Listing agent" means a person who has obtained a listing of real property to act as an agent for compensation. **(g)** "Listing price" is the amount expressed in dollars specified in the listing for which the seller is willing to sell the real property through the listing agent. **(h)** "Offering price" is the amount expressed in dollars specified in an offer to purchase for which the buyer is willing to buy the real property. **(i)** "Offer to purchase" means a written contract executed by a buyer acting through a selling agent which becomes the contract for the sale of the real property upon acceptance by the seller. **(j)** "Real property" means any estate specified by subdivision (1) or (2) of Section 761 in property which constitutes or is improved with one to four dwelling units, any leasehold in this type of property exceeding one year's duration, and mobile homes, when offered for sale or sold through an agent pursuant to the authority contained in Section 10131.6 of the Business and Professions Code. **(k)** "Real property transaction" means a transaction for the sale of real property in which an agent is employed by one or more of the principals to act in that transaction, and includes a listing or an offer to purchase. **(l)** "Sell," "sale," or "sold" refers to a transaction for the transfer of real property from the seller to the buyer, and includes exchanges of real property between the seller and buyer, transactions for the creation of a real property sales contract within the meaning of Section 2985, and transactions for the creation of a leasehold exceeding one year's duration. **(m)** "Seller" means the transferor in a real property transaction, and includes an owner who lists real property with an agent, whether or not a transfer results, or who receives an offer to purchase real property of which he or she is the owner from an agent on behalf of another. "Seller" includes both a vendor and a lessor. **(n)** "Selling agent" means a listing agent who acts alone, or an agent who acts in cooperation with a listing agent, and who sells or finds and obtains a buyer for the real property, or an agent who locates property for a buyer or who finds a buyer for a property for which no listing exists and presents an offer to purchase to the seller. **(o)** "Subagent" means a person to whom an agent delegates agency powers as provided in Article 5 (commencing with Section 2349) of Chapter 1 of Title 9. However, "subagent" does not include an associate licensee who is acting under the supervision of an agent in a real property transaction.
**2079.14** Listing agents and selling agents shall provide the seller and buyer in a real property transaction with a copy of the disclosure form specified in Section 2079.16, and, except as provided in subdivision (c), shall obtain a signed acknowledgement of receipt from that seller or buyer, except as provided in this section or Section 2079.15, as follows: **(a)** The listing agent, if any, shall provide the disclosure form to the seller prior to entering into the listing agreement. **(b)** The selling agent shall provide the disclosure form to the seller as soon as practicable prior to presenting the seller with an offer to purchase, unless the selling agent previously provided the seller with a copy of the disclosure form pursuant to subdivision (a). **(c)** Where the selling agent does not deal on a face-to-face basis with the seller, the disclosure form prepared by the selling agent may be furnished to the seller (and acknowledgement of receipt obtained for the selling agent from the seller) by the listing agent, or the selling agent may deliver the disclosure form by certified mail addressed to the seller at his or her last known address, in which case no signed acknowledgement of receipt is required. **(d)** The selling agent shall provide the disclosure form to the buyer as soon as practicable prior to execution of the buyer's offer to purchase, except that if the offer to purchase is not prepared by the selling agent, the selling agent shall present the disclosure form to the buyer not later than the next business day after the selling agent receives the offer to purchase from the buyer.
**2079.15** In any circumstance in which the seller or buyer refuses to sign an acknowledgement of receipt pursuant to Section 2079.14, the agent, or an associate licensee acting for an agent, shall set forth, sign, and date a written declaration of the facts of the refusal.
**2079.16** Reproduced on Page 1 of this AD form.
**2079.17 (a)** As soon as practicable, the selling agent shall disclose to the buyer and seller whether the selling agent is acting in the real property transaction exclusively as the buyer's agent, exclusively as the seller's agent, or as a dual agent representing both the buyer and the seller. This relationship shall be confirmed in the contract to purchase and sell real property or in a separate writing executed or acknowledged by the seller, the buyer, and the selling agent prior to or coincident with execution of that contract by the buyer and the seller, respectively. **(b)** As soon as practicable, the listing agent shall disclose to the seller whether the listing agent is acting in the real property transaction exclusively as the seller's agent, or as a dual agent representing both the buyer and seller. This relationship shall be confirmed in the contract to purchase and sell real property or in a separate writing executed or acknowledged by the seller and the listing agent prior to or coincident with the execution of that contract by the seller.
**(c)** The confirmation required by subdivisions (a) and (b) shall be in the following form.

_____(DO NOT COMPLETE, SAMPLE ONLY)_____ is the agent of (check one): ☐ the seller exclusively; or ☐ both the buyer and seller.
(Name of Listing Agent)

_____(DO NOT COMPLETE, SAMPLE ONLY)_____ is the agent of (check one): ☐ the buyer exclusively; or ☐ the seller exclusively; or
(Name of Selling Agent if not the same as the Listing Agent) ☐ both the buyer and seller.

**(d)** The disclosures and confirmation required by this section shall be in addition to the disclosure required by Section 2079.14.
**2079.18** No selling agent in a real property transaction may act as an agent for the buyer only, when the selling agent is also acting as the listing agent in the transaction.
**2079.19** The payment of compensation or the obligation to pay compensation to an agent by the seller or buyer is not necessarily determinative of a particular agency relationship between an agent and the seller or buyer. A listing agent and a selling agent may agree to share any compensation or commission paid, or any right to any compensation or commission for which an obligation arises as the result of a real estate transaction, and the terms of any such agreement shall not necessarily be determinative of a particular relationship.
**2079.20** Nothing in this article prevents an agent from selecting, as a condition of the agent's employment, a specific form of agency relationship not specifically prohibited by this article if the requirements of Section 2079.14 and Section 2079.17 are complied with.
**2079.21** A dual agent shall not disclose to the buyer that the seller is willing to sell the property at a price less than the listing price, without the express written consent of the seller. A dual agent shall not disclose to the seller that the buyer is willing to pay a price greater than the offering price, without the express written consent of the buyer. This section does not alter in any way the duty or responsibility of a dual agent to any principal with respect to confidential information other than price.
**2079.22** Nothing in this article precludes a listing agent from also being a selling agent, and the combination of these functions in one agent does not, of itself, make that agent a dual agent.
**2079.23** A contract between the principal and agent may be modified or altered to change the agency relationship at any time before the performance of the act which is the object of the agency with the written consent of the parties to the agency relationship.
**2079.24** Nothing in this article shall be construed to either diminish the duty of disclosure owed buyers and sellers by agents and their associate licensees, subagents, and employees or to relieve agents and their associate licensees, subagents, and employees from liability for their conduct in connection with acts governed by this article or for any breach of a fiduciary duty or a duty of disclosure.

Buyer's Initials ( DPM ) ( _____ )     Seller's Initials ( WM ) ( _____ )

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, INC.
a subsidiary of the CALIFORNIA ASSOCIATION OF REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020

AD REVISED 11/12 (PAGE 2 OF 2)     Reviewed by _____ Date _____

**DISCLOSURE REGARDING REAL ESTATE AGENCY RELATIONSHIP (AD PAGE 2 OF 2)**     21 Buena Vista

Case: 14-30381   Doc# 69-4   Filed: 07/21/14   Entered: 07/21/14 18:19:56   Page 11 of 11