1  MARK J. ROMEO (Bar # 112002)
   LAW OFFICES OF MARK J. ROMEO
2  235 Montgomery Street, Suite 400
   San Francisco, CA 94104
3  Telephone:  (415) 395-9315
   Facsimile:     (415) 288 9755
4  *romeolaw@msn.com*

5  Attorneys for MF Fund III, LP

6
               UNITED STATES BANKRUPTCY COURT
7
               NORTHERN DISTRICT OF CALIFORNIA
8

9
   In re WAUKEEN MCCOY,                )      Bk. No. 14-30381 HLB
10                                      )
                                        )      Chapter 11 (Converted from Ch. 13)
11             Debtor.                  )
                                        )      MOTION FOR RELIEF FROM
12                                      )      STAY; SUPPORTING FACTS AND
                                        )      MEMORANDUM OF POINTS AND
13                                      )      AUTHORITIES
                                        )
14                                      )      Date:   October 20, 2014
                                        )      Time:   2:00 p.m
15                                      )      Court:  Judge Blumenstiel
                                        )              US Bankruptcy Court
16                                      )              235 Pine St., 23d Fl.
                                        )              San Francisco CA 94104
17                                      )
                                        )
18  _____   )

19
   TO THE UNITED STATES BANKRUPTCY COURT, THE DEBTOR,  AND ALL OTHER
20  INTERESTED PARTIES:

21
        1.      MF Fund III, LP  ( "Movant") hereby moves the Court for relief from the
22
   automatic stay presently in effect in this case as follows:
23
        1)      To File a Motion to Expunge A Notice of Pending Action recorded against
24
   Movant's real property located at 21 Buena Vista Park East, San Francisco, California 94117,
25
   (the "Property")  and more fully described in the motion; and taking any other actions to clear
26
   title to the Property against invalid claims of the Debtor, in the action which the Notice was
27
   recorded, or any other proceeding now existing or hereafter filed;
28

2)     Seeking the liquidation and award of attorneys fees and costs against Debtor in any Motion to Expunge and leave of this Court to file such award as an administrative or other claim in this case and regardless of any Bar Date in effect.

Movant will further request that the order of the Court be effective in this case and in any conversion of this case to another chapter without necessity of another motion and that the order be effective immediately, notwithstanding Bankruptcy Rule 4001(a)(3).

2.     This motion is made pursuant to 11 U.S.C. sections 362(d)(1) and (2) on the grounds that:

a.     Cause exists for relief from the automatic stay because this Court has already granted relief as to the secured claim of Kenneth Page and Buena Vista Park, LLC on their motion for relief from stay ("the Page Motion") to foreclose on the Property which is the subject of the Notice of Pending Action, and it was subsequently foreclosed as to Debtor's interest and possession, so Debtor has no interest in the Property for the stay to protect;

b.     The prior order of the Court on the Page Motion precludes application of the stay as to any claims to the Property or the maintenance of the state court action as one supporting an interest of the estate, whether as real property, or as personal property as a claim held by the Debtor;

c.     Expungement of the Notice of Pending Action is a proceeding specifically and exclusively under the jurisdiction of the Court in which the action is pending so that this Court cannot provide a remedy and should abstain in favor of the State Court;

d.     The Notice of Pending Action and underlying claims were taken against Movant who is a total stranger to the estate and the debtor, and such claims are  not necessary to the reorganization of the Debtor because they are speculative and burdensome to the estate

**Factual Allegations in Support of Motion**

3.     Debtor is an unmarried individual and commenced this case on March 12, 2014 under Chapter 13 of the Bankruptcy Code. On May 21, 2014, Debtor moved to convert this case to Chapter 11, which was granted.

4.     The Movant is a California limited partnership based in San Francisco,

California. Movant has no personal, legal or professional or financial relationship with Kenneth Page or Buena Vista Park, LLC, the holders of the Note that was foreclosed upon. Movant is the sole and exclusive owner of the Property by virtue of a Trustees Deed Upon Sale. (Decl. Of Craig Lipton, [hereafter "Lipton"] ¶1).

5.    When Debtor filed this proceeding he listed his ownership of the Property on Schedule A and subsequently Amended Schedule A. (Docket # 61, p. 1).

6.    In his Amended Schedule B, Debtor lists a claim against Kenneth Page and Buena Vista Park, LLC as a personal property interest, referencing a case pending in the San Francisco Superior Court, McCoy v. Page, et al. (Exhibit 1, p. 2).

7.    After the Page Motion was heard, the court granted those Movants relief from stay to foreclose on their secured note on the Property and to recover possession of the Property post-foreclosure by Order entered on June 24, 2014 (the "Page Order"). (Exhibit 2).

8.    After the Page Order was entered, the holders of the Note caused a non-judicial sale to be conducted of the Property on August 7, 2014. There were multiple bidders at the sale and the Property sold for higher than the full credit bid made by Page and Buena Vista Park, LLC. Movant was the successful bidder at the sale and paid $1,200,000, and took title to the Property subject to the Capital One first loan. (Lipton, ¶ 3 and Exhibit 3). A Trustees Deed Upon Sale was delivered to Movant and recorded in Official Records, San Francisco, California on August 13, 2014. (Exhibit 3).

9.    After the sale, Movant expended substantial amounts in cleaning, repairing renovating and staging the Property for resale and placed it on the market. Movant received an offer from a party to purchase the Property and the Property is presently in contract in a pending escrow. (Lipton, ¶ 4).

10.    While the Property was being marketed, Debtor recorded a "NOTICE OF PENDANCY [SIC] OF ACTION" (the "Notice") against the Property in one of his pending cases in San Francisco Superior Court, McCoy v. Page, et al. No. CGC 11-512599. (Lipton, ¶ 5 and Exhibit 4). The Notice refers to the same action that was detailed to the Court in the Page Motion as "McCoy 2." (Docket No. 32, p. 4, ¶ 14). Movant is not a party to McCoy 2 or the

Case 14-30381 MOTION Doc# 87001 Filed: 10/03/14 Entered: 10/03/14 FILED 04:08:09 COM Page 3 of 8 - Page 3

companion lawsuit, <u>McCoy v. Page, et al.</u> San Francisco Superior Court No. 1CGC 10-501448 (referred to as McCoy1 in the Page Motion). The two lawsuits are those referred to in Amended Schedule B and Debtor purports to hold these as Property of the estate. [1]

11.    The Notice prevents Movant from completing the sale to the third party buyer. Neither Movant nor such buyer have any connection with the Debtor, or with the prior holders of the Note that was foreclosed. Movant is threatened with loss of the sale, the threat of a claim for damages from the buyer and continuing loss due to the inability to sell or refinance the Property.  Movant has informally requested release from Joe Angelo, Debtor's counsel herein, but that has not been forthcoming. (Lipton, ¶ 6). If Movant files a Motion to Expunge the Notice of Pending Action without seeking releif here, it is likely that Debtor will maintain to the state court that such Motion is a violation of the automatic stay, causing even more delay.

12.    The Relief From Stay Cover Sheet is incorporated herein.

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

13.    This motion is made pursuant to 11 U.S.C. section 362(d)(1) and (2) for cause, on the grounds that there is no equity or interest in the Property and it is not necessary for reorganization in this case.  "Cause" under 11 U.S.C. 362(d)(1) is a broad and flexible concept which permits a court to respond to inherently fact-driven situation. (<u>In re A Partners, LLC</u> 344 BR 114, 127 (ED Cal. 2006).

14.    First, there can be no real property interest protectable by the stay in this case. . This Court already issued an order for relief for the foreclosure of the Property to go forward, and for the holders to recover possession of the Property. In California, a Notice of Pending Action can only be recorded in cases in which a "real property claim" which is one that seeks or affects title to or possession of real property. (CCP §§ 405.4; 405.20).  The Page Order for Relief was entered on June 25, 2014 and the appeal period under Bankruptcy Rule 8001(a)has long since expired. That order is final, non-appealable and binding.

---

[1]  When Page filed his motion to enforce the settlement in San Francisco Superior Court, which is still pending, Debtor appeared in McCoy 1 in pro per, and then subsequently employed the law firm of Smith-Patten in San Francisco to represent him in at least McCoy 1. The docket in this case does not reflect any application for approval to employ these lawyers for the Debtor in Possession. (Lipton, ¶ 7)

15.     Federal courts use different terms to refer to res judicata and collateral estoppel concepts. They say that res judicata includes two distinct types of preclusion: claim preclusion and issue preclusion. (Robi v. Five Platters, Inc. 838 F2 318, 321 (9th Cir. 1988). Claim preclusion "treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same claim." (Id.). Issue preclusion "prevents re-litigation of all "issues of fact or law that were actually litigated and necessarily decided in a prior proceeding." (Id. at 322); Gilldorn Savings Assn v. Commerce Savings Assn. 804 F2 390, 394-395 (7th Cir. 1987). The Debtor is judicially precluded by the Order on the Page Motion from raising the stay in protection of a "real property claim."

16.     The same order and issues would bar Debtor from asserting the stay in protection of his Schedule B interest in the McCoy1 and McCoy2 suits. Movant was an unrelated third party bidder at the sale. The California courts have made it very clear that a third party purchaser at a sale is a bona fide purchaser. By statute, this presumption of a regular sale recited in a recorded Deed of Trust Upon Sale is **conclusive** in favor of a bona fide purchaser. (Civil Code Section 2924). As the court stated in 6 Angels, Inc. v. Stuart-Wright Mortgage, Inc. (2001) 85 CA4 1279, 1286:

> Aside from the common law presumption of validity..., Civil Code section 2924 contains a statutory presumption "aris[ing] from the recital in the trustee's deed that all statutory requirements for notice of default and sale have been satisfied. This presumption is prima facie evidence of compliance and **conclusive** evidence of compliance in favor of a bona fide purchaser or encumbrancer."...

(Emphasis original). The conclusive presumption under Civil Code § 2924 is one "that *requires* the trier of fact to find that the presumed fact exists" from a finding of the existence of the basic fact. The presumption is conclusive "because the adverse party against whom it operates *is not permitted* to introduce evidence to contradict or rebut the existence of the presumed fact." (Wolfe v. Lipsey (1985) 163 CA3 633, 639-640 (Italics in original). If such presumption applies, the sale is properly conducted for all purposes between the trustor and the bona fide purchaser, and constitutes a final adjudication of the rights of the borrower and lender. (Smith v. Allen (1968) 68 C2 93, 96; Moeller v. Lien (1994) 25 CA4 822, 830-833;

Vella v. Hudgins (1977) 20 C3 251, 255). Movant is a total stranger to the debtor and the estate and is not a party, nor could it be, to the action which Debtor recorded notice of in the Notice.

17.    Furthermore, it would appear that the validity of the Notice can only be resolved in San Francisco Superior Court, since a motion to expunge must be filed by a party or affected non-party in the action that is pending. (CCP § 405.30). Jurisdictionally, this court does not appear to be able to render a remedy or even determine the motion for Movant, nor for that matter, the Debtor in possession.

18.    Stay relief is also justified where a movant seeks to litigate questions that are more appropriately addressed in the state courts. Where there is a pending civil proceeding involving the debtor and non-debtor parties, it has been held that the litigants can request relief from or modification of the stay in order to maintain an action in the original forum, and that such circumstances can be "cause' under 11 U.S.C. 362(d)(1). As the court in In re Santa Clara County Fair Association 180 BR 564, 566 (9th Cir. BAP 1995) noted:

> Although "cause" is not defined by the Code, in circumstances where a claimant against the debtor estate has sought relief from the stay to pursue a cause of action in a non-bankruptcy forum, Congress has stated:

> It will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere.

S. Rep. No. 989, 95th Cong., 2d Sess. 50, *reprinted in* 1978 U.S.C.C.A.N. 5836. (180 BR at 566; (modifying stay to permit discrimination action to proceed in district court); In re UNR Industries, Inc. 54 BR 266, 269 (Bk N.D. Ill. 1985). Also favoring relief is the presence of multiple non-debtor defendant parties, the claims of which do not have any independent jurisdictional basis for the bankruptcy court. (In Re Pharmakinetics Laboratories, Inc. 139 BR 350, 352-353 (Bk. D. Md. 1992). In a case involving personal injury torts, the court in this district also permitted such claims to remain and be liquidated in state courts in Pacific Gas & Electric Company 279 BR 561 (Bk. N.D. Cal. 2002)(relying on the function of discretionary abstention under 28 U.S.C. ¶1334 ( c)(1) and (2)).

19.    Movant is further entitled to relief to seek liquidation and award of attorneys fees under the expungement statutes, and to present such an award as an administrative or other claim

in this case. (CCP §405.38).

20. Based on the foregoing, there is cause for relief from the automatic stay in this case.

21. Movant requests termination of the stay effective in this action, and any conversions to any other chapter of the United States Bankruptcy Code and that the order be effective immediately, notwithstanding Bankruptcy Rule 4001(a)(3).

WHEREFORE, MOVANT PRAYS FOR RELIEF AS FOLLOWS:

1. Relief from the Automatic Stay for Filing a Motion to Expunge A Notice of Pending Action recorded against Movant's real property located at 21 Buena Vista Park East, San Francisco, California 94117 and taking any other actions to clear title to the Property against invalid claims of the Debtor, in the action which the Notice was recorded, or any other proceeding now existing or hereafter filed;

2. Seeking the liquidation and award of attorneys fees and costs against Debtor in any Motion to Expunge and leave of this Court to file such award as an administrative or other claim in this case and regardless of any Bar Date in effect.

3. That the order provide that Debtor is barred from any further act to cloud title to or claim an interest in the Property;

4. That the order be effective immediately, notwithstanding Bankruptcy Rule 4001(a)(3), in this action, and any conversions to any other chapter of the United States Bankruptcy Code;

5. For such further and other relief that the court deems proper.

DATED: October 3, 2014          LAW OFFICES OF MARK J. ROMEO

By /s/ *Mark J. Romeo*
   MARK J. ROMEO
   Attorneys for Movant

# **EXHIBIT LIST TO MOTION**

1.    Amended Schedule B

2.    Order For Relief From Stay June 24, 2014, <u>In Re Waukeen McCoy</u> No. 14-30381

3.    Trustee's Deed Upon Sale

4.    Notice of Pendancy [sic] of Action