| | |
|---|---|
| MARK J. ROMEO (Bar # 112002) | |
| LAW OFFICES OF MARK J. ROMEO | |
| 235 Montgomery Street, Suite 400 | |
| San Francisco, CA 94104 | |
| Telephone: (415) 395-9315 | |
| Facsimile: (415) 288 9755 | |
| romeolaw@msn.com | |

Attorneys for MF Fund III, LP

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re WAUKEEN MCCOY, | Bk. No. 14-30381 HLB |
| | Chapter 11 (Converted from Ch. 13) |
| Debtor. | DECLARATION OF CRAIG LIPTON IN SUPPORT OF MOTION FOR RELIEF FROM STAY |
| | Date: October 20, 2014 |
| | Time: 2:00 p.m |
| | Court: Judge Blumenstiel |
| | US Bankruptcy Court |
| | 235 Pine St., 23d Fl. |
| | San Francisco CA 94104 |

I, Craig Lipton, state:

1. I am one of the managing members of the general partner of MF Fund III, LP ("Movant"). Movant is a California limited partnership based in San Francisco, California. Movant has no personal, legal or professional or financial relationship with Kenneth Page or Buena Vista Park, LLC, the holders of the Note described below (the "Page Note") that was foreclosed upon by the holders. Movant is the sole and exclusive owner of the Property at 21 Buena Vista Park East, San Francisco, California 94117, (the "Property") by virtue of a Trustees Deed Upon Sale.

2. After this court granted relief from the automatic stay to the then-holders of a second note (the "Page Order"), the holders of the Note caused a non-judicial sale to be conducted of the Property on August 7, 2014. There were multiple bidders at the sale and the Property sold for higher than the full credit bid made by Page and Buena Vista Park, LLC. Movant was the successful bidder at the sale and paid $1,200,000, and took title to the Property subject to the Capital One first loan. A Trustees Deed Upon Sale was delivered to Movant and recorded in Official Records, San Francisco, California on August 13, 2014. A true and correct copy of the Recorded Trustee's Deed Upon Sale is attached to the Motion as Exhibit 3.

3. After the sale, Movant expended substantial amounts in cleaning, repairing renovating and staging the Property for resale and placed it on the market. Movant received an offer from a party to purchase the Property and the Property is presently in contract in a pending escrow.

4. While the Property was being marketed, Debtor recorded a "NOTICE OF PENDANCY [SIC] OF ACTION" (the "Notice") against the Property in one of his pending cases in San Francisco Superior Court, McCoy v. Page, et al. No. CGC 11-512599. A true and correct copy of the Notice is attached to the Motion as Exhibit 4. Movant is not a party to the action referred to in the Notice, nor the companion lawsuit, McCoy v. Page, et al. San Francisco Superior Court No. CGC 10-501448

5. The Notice prevents Movant from completing the sale to the third party buyer. Neither Movant nor such buyer have any connection with the Debtor, or with the prior holders of the Note that was foreclosed. Movant is threatened with loss of the sale, a claim for damages by the buyer, and continuing loss due to the inability to sell or refinance the Property. Movant has informally requested release from Joe Angelo, Debtor's counsel herein, but that has not been forthcoming. If Movant files a Motion to Expunge the Notice of Pending Action, it is likely that Debtor will maintain to the state court that such Motion is a violation of the automatic stay, causing even more delay.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own personal knowledge, that I can give competent

1. testimony thereto if called as a witness in court, and that this Declaration was executed at
2. Detroit, Michigan on October 3, 2014.

                                                /s/ *Craig Lipton*
                                                CRAIG LIPTON