Sharon L. Ceasar, SBN 160869
Attorney at Law
1191 Solano Ave. #6573
Albany, CA 94706
Telephone: (510) 528-1640
Facsimile: (510) 898-1940
sharonlceasar@gmail.com

Attorney for
WAUKEEN Q. MCCOY

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: WAUKEEN Q. MCCOY,<br><br>Debtor in possession. | Case No.: 14-30381 HLB<br><br>Chapter 11<br><br>**DEBTOR'S OPPOSITION TO MOTION FOR AN ORDER DIRECTING RELEASE OF ESCROW FUNDS, OR IN THE ALTERNATIVE COMPELLING DEBTOR TO EXECUTE ESCROW CANCELLATION INSTRUCTIONS**<br><br>Date:   November 20, 2014<br>Time:  10:00 a.m.<br>Place: US Bankruptcy Court<br>         235 Pine St., 19th Fl., San Francisco, CA 94104<br>Courtroom: 23<br>Honorable HANNAH BLUMENSTIEL |

This Court is a court of equity. (See, *In re Yadidi,* 274 B.R. 843 (9th Cir. B.A.P. 2002.) Debtor Waukeen McCoy hereinafter "McCoy" asks that this Court exercise its equitable power by denying this Motion. Urban Green Investments, LLC's contract with McCoy contains a mandatory Arbitration Clause.

OPPOSITION TO MOTION - 1

"MEDIATION OF DISPUTES. If a dispute arises regarding this Contract, Buyer and Seller agree to first attempt in good faith, to settle the dispute by non-binding mediation before resorting to court action or binding arbitration."

Moving Party's Exhibit A, p. 7 ¶28. Further, in the same Exhibit ¶29 states "Any dispute or claim in law or equity arising out of this Court or any resulting transaction shall be decided by neutral binding arbitration."

Mr. McCoy contends that Urban Green Investments, LLC, hereinafter "UGI" is the party who was unwilling to through with the purchase of the property. Before this Court could grant Mr. McCoy's Motion to Sell the real property there were improper and possibly illegal communications with Kenneth Page, Craig Lipton and MF Fund III, LP, the buyer at the foreclosure sale that interfered with the contract between Mr. McCoy and UGI. (See Exhibit B, Declaration of Mr. McCoy In Support of Debtor's Motion to Sell Real Property Free and Clear of Liens hereinafter "McCoy Decl.".) These communications were before the foreclosure sale and interfered with Debtor McCoy's contract.

While the real property is now sold, McCoy was not the breaching party in the contract with UGI. UGI at all times was aware of the encumbrances on the real property and knew that the purchase would covered them. (See, McCoy Decl. p.1 and 2 ¶3 and ¶4.) UGI's discussion regarding Mr. McCoy's inability to timely deliver the property is misleading. It suggests that Mr. McCoy was the breaching party when in fact, UGI was the one who refused to follow through with the sale because of collusion with MF Fund II, LP to not close the escrow. Bankruptcy Code Section 1142 is inapposite in this case because there is no confirmed plan requiring a transfer of property.

The issues involving the escrow deposit is best handled in state court in a pending lawsuit. Title did not pass to UGI which is undisputed. What is disputed is why title did not pass to UGI.

OPPOSITION TO MOTION - 2

UGI alleges that "¶5 of the Contract does not identify any specific court by which such order should be issued" forcing Mr. McCoy to release the deposit. This may or may not be true but UGI ignores ¶28 and ¶29 of the contract which specifies which court jurisdiction lies in with regard to a dispute over this contract. It specifically states that jurisdiction is in the superior court only on appeal of a binding arbitration decision.

      According to the above stated reasons that this Court has used to lift the stay and dismiss the Adversary Complaint related to this case applies here, the state court can ferret out the liability of the parties with regard to state court actions such as interference with contract, breach of contract, collusion, bid fixing, and breach of good faith and fair dealing. Therefore, Mr. McCoy respectfully request that this Court deny UGI's Motion in its entirety.

Dated: November 15, 2014                        /s/ Sharon L. Ceasar
                                                                   Sharon L. Ceasar
                                                                   Attorney for Waukeen McCoy