Dennis D. Miller (SBN 138669)
LUBIN OLSON & NIEWIADOMSKI LLP
The Transamerica Pyramid
600 Montgomery Street, 14th Floor
San Francisco, CA 94111
Telephone: (415) 981-0550
Facsimile: (415) 981-4343
dmiller@lubinolson.com

Attorneys for Creditor
URBAN GREEN INVESTMENTS, LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>WAUKEEN MCCOY,<br><br>        Debtor. | Case No. 14-30381 HLB<br><br>Chapter 11 (Converted from Ch. 13)<br><br>**URBAN GREEN INVESTMENTS, LLC'S REPLY TO DEBTOR'S OPPOSITION TO UGI'S MOTION FOR ORDER DIRECTING RELEASE OF ESCROWED FUNDS, OR IN THE ALTERNATIVE COMPELLING DEBTOR TO EXECUTE ESCROW CANCELLATION INSTRUCTIONS**<br><br>Date: November 20, 2014<br>Time: 10:00 a.m.<br>Crtrm: 23<br>Judge: Hon. Hannah L. Blumenstiel<br>        U.S. Bankruptcy Court<br>        235 Pine St., 19th Fl.<br>        San Francisco, CA 94104 |

**I.  INTRODUCTION**

Creditor Urban Green Investments, LLC ("UGI") hereby submits its reply in opposition to Waukeen Q. McCoy's (the "Debtor") untimely opposition to UGI's Motion for Order Directing Release of Escrowed Funds, or in the Alternative Compelling Debtor to Execute Escrow Cancellation Instructions (the "Motion"). As a preliminary matter, the Debtor's

opposition is woefully past due, as it was required to be filed and served on November 6, 2014. See Bankruptcy Local Rule 9014-1(c). It was filed on November 15, 2014 at 11:14 p.m. UGI contends the opposition should be disregarded for being untimely, *i.e.*, over ten days late.

With regard to the "merits," Debtor's opposition fails to raise any legal or factual impediment to the granting of UGI's Motion. As set forth below, the purchase contract specifically provides a mechanism for the release of UGI's escrow deposit by judicial decision. Second, this Court is not required to uphold the general arbitration provision under applicable Ninth Circuit law, and the general arbitration clause does not apply in this instance. Third, with respect to the Debtor's cryptic unsubstantiated innuendos that somehow UGI interfered with its own purchase contract, no one at UGI ever spoke to Kenneth Page, Craig Lipton or MF Fund II, LLP, or MF Fund III, LLP, both of which are cited in the opposition brief.

Factually, it is undisputed that Kenneth Page ("Page") and Buena Vista Park, LLC ("Buena Vista") obtained an order for relief from the automatic stay on June 24, 2014 to foreclose on the Property.[1] The Debtor did not oppose the motion for relief by Page and Buena Vista. It is also undisputed that the Debtor's adversary complaint against Page and Buena Vista was dismissed by this Court on November 14, 2014. *See*, Adversary Proceeding No. 14-03094, Docket Entry No. 26. Moreover, on August 7, 2014, this Court entered the Order Denying Motion for Temporary Restraining Order, Adversary Proceeding Docket No. 14, finding that Debtor "[h]as failed to demonstrate that he would suffer irreparable harm if the scheduled foreclosure sale proceeds. Plaintiff [Debtor] did not oppose separate motions for relief from stay filed by the holders of the first and second deeds of trust on the subject property, and thereby acquiesced to the foreclosure." *Id*. at ll 21-26. Further, this Court stated in the same order: "The Court also finds that plaintiff [Debtor] failed to establish at the private sale he advocates is likely to close." It is undisputed that UGI did not breach the purchase contract and is entitled to an order authorizing the return of its deposit of $50,000.[2]

---

[1] Capitalized terms are as defined in UGI's Motion.
[2] UGI requests the Court to take judicial notice of the pleadings in this case and the related adversary proceeding as referenced herein.

76470001/533419v1     2     Case No. 14-30381 HLB
URBAN GREEN INVESTMENTS, LLC'S REPLY TO DEBTOR'S OPPOSITION
Case: 14-30381    Doc# 120    Filed: 11/18/14    Entered: 11/18/14 14:32:59    Page 2 of 6

## II. REPLY STATEMENT OF FACTS

The agreement at issue was the January 10, 2014 Contract for the Sale and Purchase of Real property between UGI and the Debtor (the "Purchase Contract"). As noted in UGI's Motion, it made an initial deposit of $50,000 and the Debtor at no point in this case, or even in his opposition has any evidence that the deposit is his property or property of the bankruptcy estate.

The Purchase Contract contains the following provisions in the Contract Addendum No. 1:

> 1. (**) Buyer shall have 15 days from acceptance [January 1, 2014] to approve all documents, disclosures, and/or inspections pursuant to this contract.
>
> 3. Close of Escrow shall be the later date of (i) 45 days after Acceptance, or (ii) 10 days after the escrow company has confirmed that it has receive valid payoff demands, release, and/or reconveyance documents from all lienholders and that clear title can be delivered.

These two contingencies to the closing of the escrow for the Purchase Contract were never satisfied by the Debtor, nor did UGI waive any of these contingencies. *See*, Declaration of David P. McCloskey, filed concurrently herein, p. 2, ¶¶ 2,3. Page and Buena Vista completed a nonjudicial foreclosure on their deed of trust on the Property on August 8, 2014. Accordingly, the sale of the Property became an impossibility on August 8, 2014.

At page 3 of Debtor's opposition, he cryptically alleges that "[t]here were improper and possibly illegal communications with Kenneth Page, Craig Lipton and MF Fund III, LP, the buyer at the foreclosure sale that interfered with the contract between Mr. McCoy and UGI." Thereafter, Debtor also contends, without any evidence, UGI colluded with MF Fund II, LP to not close the escrow. These conclusory allegations have no merit in that at no time did UGI have any conversations with Mr. Page, Mr. Lipton, MF Fund II, LP or MF Fund, III, LP. *See*, McCloskey Declaration, p. 2, ¶ 4. Finally, Debtor contends that he was proceeding with a motion to sell the Property free and clear of liens. However, a review of the docket shows that Debtor's motion to sell was not filed until July 21, 2014, Docket Entry No. 69 which was more than a month after this Court granted Page and Buena Vista relief from the automatic stay on June 17,

76470001/533419v1     3     Case No. 14-30381 HLB
URBAN GREEN INVESTMENTS, LLC'S REPLY TO DEBTOR'S OPPOSITION
Case: 14-30381    Doc# 120    Filed: 11/18/14    Entered: 11/18/14 14:32:59    Page 3 of 6

2014. This Court subsequently held on August 8, 2014 that the Debtor failed to establish that the deal he was advocating with UGI was likely to close. A review of the Court's docket shows that the Debtor's motion to sell was never heard.

### III. ARGUMENT

Debtor has failed to provide any legal or factual opposition to the relief requested by UGI.

### A. The Specific Language Regarding the Return of the Deposit Controls Over the General Arbitration Provision and Thus Arbitration is Not Required for the Return of the Security Deposit.

As cited in UGI's Motion, paragraph 5 of the Purchase Contract states, "Release of funds from escrow will require mutually consistent signed instructions from both Buyer and Seller, or the rendering of a judicial decision or arbitration award authorizing the release." This specific contractual language applicable to the escrow deposit prevails over the general arbitration clause. *Prouty v. Gores Technology Group* (2004) 121 Cal.App.4th 1225, 1235 where the California Court of Appeal stated as follows:

> In this circumstance, under well-established principles of contract interpretation, when a general and particular provision are inconsistent, the particular and specific provision is paramount to the general provision. (Code of Civ. Proc., § 1859; Civ. Code § 3534; *National Ins. Underwriters v. Carter* (1976) 17 Cal.3d 380, 386 …)

Similarly, the Restatement of Law – Contracts at section 203 titled "Standards of Preference in Interpretation" provides:

> In the interpretation of a promise or agreement or a term thereof, the following standards of preference are general applicable:
>
> (c) specific terms and exact terms are given greater weight than general language;

In this instance, paragraph 5 provides the language for the specific handling of the security deposit. It provides that the security deposit can be released by either a judicial decision or arbitration award. Thus, this Court has the authority to decide the release of the escrow deposit, and arbitration is not required.

**B. This Court is Not Required to Enforce the General Arbitration Provision in the Purchase Agreement.**

Debtor contends that paragraph 29 of the Purchase Agreement requires the Court to deny hearing this Motion and requiring UGI to proceed with mandatory arbitration. A bankruptcy court has the discretion to deny enforcement of a pre-petition arbitration agreement in core proceedings. *Continental Insurance Company v. Thorpe Insulation Company, etc.*, 671 F.3d 1011, 1021-1023 (9th Cir. 2012) In *Thorpe*, the Ninth Circuit noted that in core proceedings the bankruptcy court has discretion to deny enforcement of an arbitration agreement. *Id*. at 1021. The Ninth Circuit's explanation is that the bankruptcy court has the discretion to deny a pre-petition arbitration agreement is if the arbitration would conflict with the underlying purposes of the Bankruptcy Code. In this case, the Court has to find that the escrow deposit is not property of the estate, a core matter. UGI contends it is not, based upon the authority that UGI cited in its Motion. Second, while UGI contends that the Debtor's claims of contractual interference have no support factually or legally, by making such a contention, the Debtor invokes core claims. *See*, 11 U.S.C. § 157(b)(2)(A), (O). Accordingly, UGI contends that this Court has the discretion to deny the general arbitration provision.

Moreover, paragraph 29 also specifically excludes arbitration regarding the enforcement of a real property sales contract. Paragraph 29 states: "The following matters are excluded from arbitration hereunder: (a) a judicial or non-judicial foreclosure or other action or proceeding to enforce a …. real property sales contract as defined in Civil Code § 2985; …" Thus, paragraph 29 does not apply to this issue.

**C. The Debtor's Unsupported Allegations Of Interference With Contract are Meritless.**

Debtor seems to cryptically allege that a third party at the foreclosure sale interfered with the UGI Purchase Contract. This assertion is wholly irrelevant to UGI and the return of the escrow deposit. Debtor then alleges UGI refused to "follow through" with the Purchase Contract by colluding with MF Fund II "to not close the escrow." Debtor's opposition brief, page 3, ll 21-23. Aside from the fact that there is no evidence to support such a conclusion,
76470001/533419v1     5     Case No. 14-30381 HLB

URBAN GREEN INVESTMENTS, LLC'S REPLY TO DEBTOR'S OPPOSITION

Case: 14-30381  Doc# 120  Filed: 11/18/14  Entered: 11/18/14 14:32:59  Page 5 of 6

it is undisputed the Debtor never obtained a Court order allowing the sale to proceed nor did the Court grant any motion to avoid liens to clear title for the escrow to close, an express requirement of the Purchase Contract. Numerous events proceeding this Motion in this Court show Debtor's allegations to be meritless. First, this Court has already held the Debtor could not prove he could close the alleged sale. The Debtor did not oppose the motion for relief to foreclose by Page and Buena Vista, junior lienholders on the Property. *See*, Docket Entry on June 17, 2014. The Debtor failed to oppose the motion for relief from the automatic stay of Capital One to also foreclose on the Property. Then, this Court rejected the Debtor's adversary proceeding seeking to restrain Page and Buena Vista Park from foreclosing. Thus, at every point in this case, the Court granted lienholders relief to foreclose and found the Debtor could not close on the UGI sale.

Arguing that UGI's refusal to close escrow was a collusive event is nonsensical as the Debtor never obtained a motion from this Court to allow the sale of the Property, or to allow the sale of Property free and clear of liens such that it could close.

## IV. CONCLUSION

For the reasons set forth in UGI's Motion and this Reply, UGI respectfully requests that its Motion be granted and that the Court issue an order authorizing Old Republic Title to release the escrow deposit of $50,000, or in the alternative to order the Debtor to sign releasing instructions directed at Old Republic Title to release the security deposit of $50,000 to UGI, and for such other and further relief as the Court deems appropriate.

Dated: November 18, 2014      LUBIN OLSON & NIEWIADOMSKI LLP

By: */s/ Dennis D. Miller*
Dennis D. Miller
Attorneys for Creditor
URBAN GREEN INVESTMENTS, LLC