Jean Wilcox (SBN 97963)
**HERSHORIN & HENRY, LLP**
27422 Portola Parkway, Suite 360
Foothill Ranch, CA 92610
Telephone: (949) 859-5600
Facsimile: (949) 859-5680

Attorneys for CHICAGO TITLE COMPANY,
a California corporation

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In Re<br><br>WAUKEEN QUANDRICO MCCOY,<br><br>Debtor. | Case No.: 14-30381<br><br>*Under Chapter 11*<br>*(Converted from Chapter 13 June 5, 2014)*<br><br>Hon. Hannah L. Blumenstiel<br><br>**CHICAGO TITLE COMPANY'S PRELIMINARY OBJECTION TO DEBTOR'S EX PARTE APPLICATION FOR AN ORDER RELEASING FUNDS** |

CHICAGO TITLE COMPANY ("Chicago Title") hereby files this preliminary objection (the "Preliminary Objection") to Debtor's *Ex Parte Application for an Order Releasing Funds* (the "Application") [ECF #143]. In support of this Preliminary Objection, Chicago Title respectfully represents as follows:

**PRELIMINARY OBJECTION**

1. Hershorin & Henry, LLP ("Firm") has been retained to represent Chicago Title in the limited scope of interpleading, if necessary, the surplus funds of

-1-

$309,839.34 (the "Surplus") that were realized from the Trustee's Foreclosure Sale that was conducted by Chicago Title on August 7, 2014. In that sale, Chicago Title acted as the Trustee for the beneficiary. On that date, a first lien deed of trust was foreclosed on the real property securing the loan, commonly known as 21 Buena Vista Avenue East, San Francisco, California ("subject property"). The Debtor was the Trustor on said deed of trust.[1]

2. The Debtor is the former owner of the subject property that was sold at the above-referenced foreclosure sale on August 7, 2014. The beneficiary obtained relief from stay on June 17, 2014 [ECF # 32, 46] in order for the sale to go forward.

3. Chicago Title notified the Debtor that the Surplus existed from the sale, in accordance with the statutory scheme laid out in California Civil Code 2924j, *et seq*. The Debtor made a claim to the funds on September 3, 2014.

4. However, the Debtor did not file any amended property schedules to list the Surplus as an asset. The last amended schedules were filed in June of 2014 prior to the Trustee's Sale [ECF # 62]. The Debtor should be amending his schedules to include his personal claim to the Surplus, contingent as it may be. Additionally, there is no proposed or confirmed Chapter 11 Plan from which to seek guidance with respect to the Surplus.

5. Furthermore, according to the Trustee's Sale Guarantee, the Internal Revenue Service ("IRS") has liens against the subject property in an amount that far surpasses the Surplus ($1,287,375.80). The IRS received notice of the Surplus on August 25, 2014. The IRS did not make a claim to Chicago Title for the Surplus funds; however, the IRS filed a proof of claim in this case [POC # 7].

6. Chicago Title received no notice of the Debtor's *ex parte* Application. Chicago Title is informed and believes that insufficient information has been made available to the parties in interest and this Court to analyze and appropriately

---

[1] The Firm does not represent Chicago Title with respect to the Proof of Claim (POC No. 5) that was filed by Bryan Cave LLP on behalf of Chicago Title, as an unscheduled, unsecured creditor.

-2-
CHICAGO TITLE'S PRELIMINARY OBJECTION TO EX PARTE APPLICATION TO RELEASE FUNDS

determine the propriety of the Application. Absent from the Application is any legal authority to support the Debtor's position that the Surplus is part of the Debtor's bankruptcy estate. The Application and the letters attached to the *Declaration of Sharon L Ceasar in Support of Ex Parte Order Releasing Funds* (the "Declaration") [ECF # 144] confuse 11 U.S.C. § 362 with respect to the imposition of the automatic stay and with respect to what is and what is not property of the estate because of the comprehensive liens held by the IRS. Furthermore, the Application provides no guidance from 11 U.S.C. § 542 or § 543. Moreover, the Application is tantamount to a debtor seeking to impose the automatic stay under 11 U.S.C. § 362(a) to condition the use of property. Therefore, Chicago Title, and all of the Debtor's creditors should be entitled to notice and a hearing under L.B.R. 9014-1(a), and not on a stealth *ex parte* basis. The Application and counsel's Declaration are a <u>gross misrepresentation</u> of the facts and issues. Contrary to the Debtor's position, the IRS liens are not a red herring and Chicago Title has not ignored the Debtor.

7. Chicago Title is now in contact with attorneys at the IRS regarding the Surplus relative to the issue of where the IRS will agree to be subject to jurisdiction in an interpleader action in order to obtain a judicial determination as to the Surplus. Contrary to the Application, the fact that the IRS did not seek relief from stay in the Debtor's bankruptcy does not mean that they no longer have a priority claim to the Surplus under preemptive federal law. Based on the relief from stay, the resulting foreclosure, and the fact that the Surplus exists to benefit junior lienholders including, but not limited to the IRS, it is unlikely that the Debtor owns the Surplus, or that it is part of the bankruptcy estate.

8. Chicago Title is entitled to protection from double vexation within the letter and spirit of the statutory interpleader scheme in California set forth in *California Civil Code of Procedure* section 386, et seq. Chicago Title is also entitled to reimbursement of its reasonable attorney's fees and costs in handling the interpleader pursuant to *California Civil Code of Procedure* section 386.6. Chicago

Title has already incurred significant attorney's fees protecting its interests, researching the issues presented by the taxing authorities and the bankruptcy, and responding to both the Debtor's and his counsel's unreasonable legal position. Chicago Title should be entitled to a judicial determination as to the disposition of the Surplus, whether it be through relief from stay and proceeding in state court, district court, or through an adversary proceeding under L.B.R. 7001.

9. Given the impact that the granting of the Application without Chicago Title having been provided with a full and fair opportunity to brief the issues and appear and argue before the court, Chicago Title submits this Preliminary Objection to facilitate such a full and fair opportunity. Chicago Title reserves the right to supplement this Preliminary Objection in advance of any hearing on the Application. The Debtor's actions should not be condoned by the Court and the Application should be denied in all respects.

## CONCLUSION

For all of the foregoing reasons, Chicago Title respectfully requests that the Court (i) deny the Application and (ii) require that the Debtor present to the Court a regularly noticed motion on this issue affording Chicago Title a full and fair opportunity to enjoy due process (iii) or, alternatively, allow Chicago Title to either seek relief to proceed with an interpleader or an adversary proceeding to obtain a judicial determination regarding the Surplus.

Respectfully Submitted,

Dated: January 9, 2015    HERSHORIN & HENRY LLP

By: _____
JEAN C. WILCOX
Attorney for CHICAGO TITLE
COMPANY, a California
corporation

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

HERSHORIN & HENRY, LLP
27422 Portola Parkway, Suite 360, Foothill Ranch, CA 92610

A true and correct copy of the foregoing document entitled **CHICAGO TITLE COMPANY'S PRELIMINARY OBJECTION TO DEBTOR'S EX PARTE APPLICATION FOR AN ORDER RELEASING FUNDS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) January 9, 2015, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Sharon L. Ceasar, Esq.
E-mail: sharonlceasar@gmail.com
Attorney for Debtor

Minnie Loo, Esq.
U.S. Trustee's Office
minnie.loo@usdoj.gov
Attorney for the U.S. Trustee

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) January 9, 2015, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

SERVED VIA EMAIL
Sharon L. Ceasar, Esq.
E-mail: sharonlceasar@gmail.com

SERVED VIA OVERNIGHT MAIL
Honorable Hannah L. Blumenstiel; Attn: Chambers Copies
USBC – Northern District of California
235 Pine Street, 19th Street
San Francisco, CA 94104

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 9, 2014 | Martin Cervantes | /s/ Martin Cervantes |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                F 9013-3.1.PROOF.SERVICE

Case: 14-30381  Doc# 152  Filed: 01/12/15  Entered: 01/12/15 13:40:14  Page 5