Sharon L. Ceasar, SBN 160869
Attorney at Law
1191 Solano Avenue, #6573
Albany, CA 94706
Telephone: (510) 528-1640
Facsimile: (510) 898-1940
sharonlceasar@gmail.com

Attorney for
WAUKEEN Q. MCCOY

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **In re: WAUKEEN Q. MCCOY,**<br><br>**Debtor in possession.** | Case No.: 14-30381 HLB<br><br>Chapter 11<br><br>**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO RELEASE SURPLUS FUNDS HELD BY CHICAGO TITLE AND REQUEST FOR ATTORNEY'S FEES**<br><br>Date: March 5, 2015<br>Time: 10:00 a.m.<br>Place: US Bankruptcy Court<br>235 Pine St., 19th Fl., San Francisco, CA 94104<br>Courtroom: 23<br>Honorable HANNAH BLUMENSTIEL |

**I. INTRODUCTION**

On or about June 3, 2014, a Motion for Relief from Stay was filed by Creditors Buena Vista Park, LLC and Kenneth Page. (Docket #32[1].) Debtor-in-Possession Waukeen McCoy was represented by Attorney Joseph Angelo of Sagaria Law, P.C. An Order granting the Relief from Stay was entered on June 24, 2014. (Docket #47). Mr. McCoy at that time was

---

[1] Counsel requests this Court take judicial notice of the Docket

-1-
Case No. 14-30381 HLB
Memorandum of Points and Authorities In Support of Motion to Release Surplus Funds Held by Chicago Title and Request for Attorney's Fees

the owner of 21 Buena Vista Ave. in San Francisco. He listed his interest in the real property on all his pertinent schedules. (See Docket #'s 59-66).

The real property was sold at a trustee's sale on August 7, 2014. This was not a tax sale for the liens on the real property held by the IRS. The IRS did not participate in the sale at all. The surplus funds from the sale are being held by a third party, Chicago Title. Letters went back and forth from the Firm representing Chicago Title and Mr. McCoy, including the attorney for the Bankruptcy Estate of McCoy. (Exhibit A.) An Ex Parte Application for Release of the Funds to Mr. McCoy was filed and denied on January 12, 2015. This Motion requests that this Court order the immediate release of the surplus funds to the debtor in possession or debtor's attorney to be placed in an interest bearing account subject to further Orders of the Bankruptcy Court.

## II.     LEGAL ARGUMENT

### A.     Property is Defined Broadly

The Bankruptcy Court where the property of the debtor in possession is located has "exclusive jurisdiction of the debtor and all his property" at the beginning of the case. 11 U.S.C. § 711 and *In re Moore*, 110 B.R. 924 (Bankr. C.D. Cal. 1990). This jurisdiction is "superior to all state laws upon the subject and it may be so exercised as to exclude all conflicting proceedings in state or federal courts." *Texaco Inc. v. Liberty National Bank & Trust Company of Oklahoma* City, 464 F.2d 389 (10th Cir. 1972).

Property of the estate is determined at the commencement of the case and comprises all "legal and equitable claims of the debtor." 11 U.S.C. §541(a)(1). The "term property is construed most generously and an interest is not outside its reach because it is novel or

-2-
Case No. 14-30381 HLB
Memorandum of Points and Authorities In Support of Motion to Release Surplus Funds Held by Chicago Title and Request for Attorney's Fees

Case: 14-30381    Doc# 162    Filed: 01/28/15    Entered: 01/28/15 21:15:24    Page 2 of 9

contingent." *In re Bialac,* 712 F.2d 426, 430-431 (9th Cir. 1983). As 11 U.S.C. ¶541 states property:

> ". . . is an all-embracing definition which includes charges on property, such as liens held by the debtor on property of a third party, or beneficial rights and interest, that the debtor may have . . . in property."

Post-foreclosure rights in real property are property of the estate under 11 U.S.C. ¶ 541, as well. (*See, Bank of Commonwealth v. Bevan,* 13 B.R. 989 (D.C. 1981) and *In re Johnson,* 8 B.R. 371 (Bktcy.D.Minn.1981.)) Thus, money or funds on hand of the debtor as well as those which are contingent belong to the bankruptcy estate.

### B. Automatic Stay is for the Benefit of the Debtor and the Creditors

The protections under 11 U.S.C. §362(A) benefits both the debtor and the creditors. "It operates as a stay, applicable to **all entities** –of . . . any act to . . . enforce any lien against the estate . . . any lien to the extent that such lien serves a claim that arose before the commencement of the case." *In re Bialac, supra,* 712 F.2d 426, 432. The stay allows the orderly disposition of property wherein the debtor has some interest. *See, Texaco Inc. v. Liberty National Bank and Trust Co. of Oklahoma City, supra,* 464 F.2d 389, 392-393.

The automatic stay "stops all collections efforts . . . all foreclosure actions" and ". . . permits a debtor to attempt a repayment or reorganization plan." *Dean v. Trans World Airlines,* 72 F.3d 754, 755-56 (9th Cir. 1995). It also protects creditors. "Without it, certain creditors would be able to pursue their own remedies against the debtor's property. Those who acted first would obtain payment of the claims in preference to and at the detriment of other creditors." *Id.* at 756.

This stay operates even if a creditor has a security interest in the property. *See, United States v. Whiting Pools, Inc.* 462 U.S. 198, 204 (1983). The IRS is a creditor like all other

-3-

Case No. 14-30381 HLB
Memorandum of Points and Authorities In Support of Motion to Release Surplus Funds Held by Chicago Title and Request for Attorney's Fees

Case: 14-30381    Doc# 162    Filed: 01/28/15    Entered: 01/28/15 21:15:24    Page 3 of 9

creditors with few exceptions. A federal tax lien on real property is subject to discharge if the IRS is given proper notice of a non-judicial sale of real property. The IRS had notice of the non-judicial sale of the real property which is the subject of this Motion. The three hundred and one thousand dollars ($301,000) are property of the Bankruptcy Estate and must be turned over and be subject to orders of this Court.

### C. Broad Powers of the Chapter 11 Trustee

A debtor in possession steps in as trustee with all the rights and duties of a trustee including avoidance of tax liens at the commencement of a case. 11 U.S.C. §1107(a). A tax lien is a statutory lien. 11 U.S.C. §545. *See, Kivel v. United States,* 878 F.2d 301, 303 (9th Cir. 1989) and *In re Garden Inn Steak House,* 22 B.R. 830, 832 (Bkrtcy N.D. Ohio 1982). Even property acquired post-petition on a properly filed tax lien is invalid. *In re C.S. Assoc.* 161 B.R. 144 (Bankr. E.D. PA 1993). As the trustee, the debtor in possession has a fiduciary obligation to conserve the assets of the estate and to maximize distribution to creditors. *In re Rigden,* 795 F.2d 727 (9th Cir. 1986).

Under 11 U.S.C. § 545(2) a debtor in possession is given the same status as a hypothetical bona fide purchaser. *United States of America v. Thomas A. Sierer,* 139 B.R. 752 (1991). As such, the debtor in possession has the same defenses to ". . . statutory tax liens on the debtor's property as would a bona fide purchaser". *Id.* at 753-54. One of the defenses is to avoid a lien imposed by the IRS on real property of the debtor. See 26 U.S.C. § 6323.

### D. The Surplus Funds are Property of the Estate

In the *United States v. Whiting Pools, Inc.*, *supra,* 462 U.S. 198, the Court determined that the estate consists of "a possessory interest in certain property not held by the debtor at the commencement of reorganization proceedings". *Id. at* 204-207. In *Whiting Pools, Inc.*

-4-

Case No. 14-30381 HLB
Memorandum of Points and Authorities In Support of Motion to Release Surplus Funds Held by Chicago Title and Request for Attorney's Fees
Case: 14-30381   Doc# 162   Filed: 01/28/15   Entered: 01/28/15 21:15:24   Page 4 of 9

the IRS seized the corporation's assets.  The corporation filed a Chapter 11 case the next day.  The IRS sought relief from the automatic stay.  The Bankruptcy Court did not lift the stay and the IRS appealed.  The United States District Court reversed the Bankruptcy Court finding that 11 U.S.C. §542(a) or 543(b)(1) applied to the IRS.  The United States Supreme Court reversed and held:

> ". . . Section 542(a) simply requires the Service to seek protection of its interest according to the congressionally established bankruptcy procedures, rather than by withholding the seized property from the debtor's efforts to reorganize." *Id.* at 212.

Under U.S.C. §542(a) a surplus from a sale of a debtor's real property that the IRS could have seized and sold at a tax sale but did not becomes property of the estate. Here Mr. McCoy listed his interest in 21 Buena Vista Ave. in San Francisco as an asset.  (See Docket #'s 59-66.) The automatic stay was lifted for purposes of the foreclosure sale of Mr. McCoy's property by the first mortgage holder and the second mortgage holder.  No creditors who had liens on the real property at issue including, but not limited to the California Franchise Tax Board (hereinafter "FTB") sought a relief from stay.  Instead, like the IRS, the FTB filed claims against the Estate. To allow the piecemeal distribution of the assets of the Estate to go to one creditor over another would not only defeat the purposes of the protections afforded debtors in possession under the equitable scheme of the bankruptcy laws but would also violate 11 U.S.C. §547(c)(6). The three hundred and one thousand dollars ($301,000) must be turned over to the debtor's attorney and placed in an interest bearing account subject to further orders of this Bankruptcy court.

-5-

Case No. 14-30381 HLB
Memorandum of Points and Authorities In Support of Motion to Release Surplus Funds Held by Chicago Title and Request for Attorney's Fees

Case: 14-30381    Doc# 162    Filed: 01/28/15    Entered: 01/28/15 21:15:24    Page 5 of 9

### 1. Interpleader is Inappropriate

Chicago Title will argue that California Code of Civil Procedure (hereinafter "CCP") § 386 et seq. applies in this case. CCP§ 386 is the Interpleader statute that allows a third party to invest funds in an interest bearing account in a case where there is ongoing litigation involving said funds. However, there is no ongoing litigation between the IRS and Mr. McCoy.

Further, Chicago Title contends that California Civil Code (hereinafter "CCC") § 2924j is determinant as to the owner of the surplus funds it now holds because the IRS held a statutory lien on Mr. McCoy's real property prior to the sell in an amount far in excess of the surplus funds. Yet the plain and unambiguous meaning of California Civil Code ¶2924j in pertinent part states:

> Unless an interpleader action has been filed, within **30** days of the execution of the trustee's deed resulting from a sale in which there are proceeds remaining after payment of the required by paragraphs (1) and (2) of subdivision (a) of Section 2924k[2], . . . the claims **must** be received . . . no later than **30 days** after the date the trustee sends notice to the potential claimant. (Emphasis added.)

CCC §2924j further states that " . . . (b) The trustee shall . . . determine the priority of the **written claims** . . . from those persons to whom notice was sent pursuant to subdivision (a)." There is no dispute that the IRS and Mr. McCoy received notices of the surplus funds. The issue here becomes a matter of who filed a written claim pursuant to subdivision (a). The three hundred and one thousand dollars ($301,000) plus any interest must be turned over to the debtor's attorney and be under the control of this Bankruptcy Court Judge.

The only person submitting a written claim for the surplus funds was Mr. McCoy. CCC ¶2924j(b) continues " . . . [i]n the event there is no dispute as to the priority of the **written**

---

[2] CCC §k " . . . trustee or clerk of the court upon order . . . shall distribute the proceeds pursuant to 9(d) of ¶2924j . . . in the following order of priority . . . to the trustor . . .

-6-

Case No. 14-30381 HLB
Memorandum of Points and Authorities In Support of Motion to Release Surplus Funds Held by Chicago Title and Request for Attorney's Fees

Case: 14-30381    Doc# 162    Filed: 01/28/15    Entered: 01/28/15 21:15:24    Page 6 of 9

**claims** submitted to the trustee, proceeds shall be paid within **30 days** after the conclusion of the notice period." The rest of subsection (b) directs the trustee "within **90 days**" following the **"30-day notice period** to deposit within 10 days the surplus with the clerk of the court or file an interpleader" provided there is a dispute. (Emphasis added.) There was no dispute since no one other than Mr. McCoy filed a written claim for the surplus funds. This money is an asset of the Debtor McCoy's Bankruptcy Estate.

More importantly, none of the time perquisites were followed in this case by the trustee and/or Chicago Title with regard to CCC §2924j. The real property was sold on August 7, 2014. 30 days later, in September 2014, Mr. McCoy made the only written claim for the proceeds. After the 30 day notice period expired nothing was done with regard to the surplus funds. 90 days elapsed without Chicago Title depositing the funds with the clerk of the court in State Court or filing an Interpleader Action alleging a dispute as to the surplus funds. More than ten (10) days have elapsed since then without any action being taken regarding the surplus funds held by Chicago Title.

Subsection (e) of CCC §2924j states: "[n]othing in this section shall preclude any person from pursuing other remedies or claims as to surplus proceeds." No other "written claims" to the funds were presented to Chicago Title during the statutory notice period. Chicago Title failed to act at all with regard to the surplus funds except keep them in its possession. According to subsection (e) of CCC §2924, Mr. McCoy can pursue other remedies such as an Order from this Court compelling Chicago Title to release the surplus funds to him immediately or to the debtor's attorney, placed in an interest-bearing account, and be subject to further orders of this Bankruptcy Court Judge.

**E.  Surplus Funds Necessary for a Viable Reorganization Plan**

-7-
Case No. 14-30381 HLB
Memorandum of Points and Authorities In Support of Motion to Release Surplus Funds Held by Chicago Title and Request for Attorney's Fees

Case: 14-30381    Doc# 162    Filed: 01/28/15    Entered: 01/28/15 21:15:24    Page 7 of 9

The debtor in possession has a duty to take all actions that "maximize the value of the estate." 11 U.S.C. §704 and *Commodity Futures Trading Comm'n v. Weintraub* 471 U.S. 343, 352 (1985). Two requirements in 11 U.S.C. §362(d) are essential to keeping the asset as property of the estate which are (1) the asset is necessary for reorganization and (2) there is equity in the property. *See, In re San Clemente Estates,* 5 B.R. 605, 610 (Bkrtcy S.D. Cal. 1980). In this case the real property was sold and the surplus funds from that sell is the equity which was left in the real property after it was sold. The three hundred and one thousand dollars ($301,000) is an asset of the Bankruptcy Estate and must be turned over.

There is no dispute that the surplus funds will benefit the estate as all secured creditors would be entitled to make a claim to some distribution in a viable Plan. Since the IRS did not seize the real property, sell it at a tax sale, or participate in its sale, the surplus funds are not subject to a turnover order as to the IRS under 11 U.S.C. §542.

However, Chicago Title is subject to a turnover order under 11 U.S.C. §542 because it has retained possession of the surplus funds totaling approximately three hundred one thousand dollars ($301,000) since August of 2014. They must be ordered to pay interest on these funds. It should be noted that Mr. McCoy has requested an accounting since the sale of his home in August 2014, but none has been provided to date. Chicago Title has maintained that it must interplead the surplus funds because it is a third party subject to liability from the IRS should the funds be turned over to Mr. McCoy. Its position is misplaced and not supported by the Bankruptcy Code or State Law. Chicago Title should account for any money earned during the period it controlled the three hundred and one thousand dollars ($301,000) and turn over any profits and interest.

-8-
Case No. 14-30381 HLB
Memorandum of Points and Authorities In Support of Motion to Release Surplus Funds Held by Chicago Title and Request for Attorney's Fees

Case: 14-30381    Doc# 162    Filed: 01/28/15    Entered: 01/28/15 21:15:24    Page 8 of 9

## III. CONCLUSION

Mr. McCoy, as a debtor in possession is entitled to the surplus funds for the benefit of his on-going business that he is running at this time. This money will enable Mr. McCoy to put a Plan together that is beneficial for of all the creditors in this Chapter 11 proceeding and allow for day to day operation of his business.

In the alternative, this Court can order the surplus funds placed in an interest bearing account as property of the Bankruptcy Estate until a Plan is submitted or some further order of this Court. Under no circumstances should this major asset of the Bankrupcy estate be released to the clerk of the State Court under an Interpleader Action. Further, Chicago Title should pay the reasonable attorney's fees of the estate for having to bring this action with knowledge that it failed to timely file an Interpleader Action or deposit the surplus funds with the clerk of the state court within the requisite time period. Chicago Title has had control and use of the three hundred and one thousand dollars ($301,000) and must account for its use and pay interest on it. Therefore, it is requested that the Court order the surplus funds be released immediately to Mr. McCoy or turned over to the debtor's attorney to be placed in an interest bearing account subject to further Orders of Bankruptcy Court.

Date: January 26, 2015

                                          Respectfully submitted.

                                          LAW OFFICE OF SHARON L. CEASAR,

                                          /s/ Sharon L. Ceasar
                                          Sharon L. Ceasar, Attorney for Debtor in Possession
                                          Waukeen McCoy

-9-

Case No. 14-30381 HLB
Memorandum of Points and Authorities In Support of Motion to Release Surplus Funds Held by Chicago Title and Request for Attorney's Fees

Case: 14-30381    Doc# 162    Filed: 01/28/15    Entered: 01/28/15 21:15:24    Page 9 of 9