Sharon L. Ceasar, SBN 160869
Attorney at Law
1191 Solano Avenue, #6573
Albany, CA 94706
Telephone: (510) 528-1640
Facsimile: (510) 898-1940
sharonlceasar@gmail.com

Attorney for
WAUKEEN Q. MCCOY

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: WAUKEEN Q. MCCOY,<br><br>    Debtor in possession. | **Case No.: 14-30381 HLB**<br><br>**Chapter 11**<br><br>**DECLARATION OF SHARON L CEASAR IN SUPPORT OF ORDER TO RELEASE SURPLUS FUNDS HELD BY CHICAGO TITLE AND REASONABLE ATTORNEY'S FEES**<br><br>**Date: March 5, 2015**<br>**Time: 10:00 a.m.**<br>**Place: US Bankruptcy Court**<br>**235 Pine St., 19th Fl., San Francisco, CA 94104**<br>**Courtroom: 23**<br>**Honorable HANNAH BLUMENSTIEL** |

I, Sharon L. Ceasar declare as follows:

1.    I am an attorney licensed to practice law in all the courts in the State of California and in Federal Court.  I have personal knowledge of the statements contained herein except those based on information and belief.

2.    Attached hereto as Exhibit A, are true and correct copies of a series of letters and emails sent to my office by John Klein on behalf of Chicago Title.

-1-

Case No. 14-30381 HLB
Declaration of Sharon L. Ceasar in Support of Order to Release Surplus Funds Held by Chicago Title and Reasonable Attorney's Fees

1

     3.     Attached hereto as Exhibit B, is a true and correct copy of the letter sent to

2

John Klein by Mr. McCoy.

3

     4.     Attached hereto as Exhibit C, are true and correct copies of a series of letters

4

sent by my office to John Klein on behalf of Chicago Title.

5

     5.     Attached hereto as Exhibit D, is a true and correct copy of the last letter sent

6

to my officer overnight mail by Jason R. Burris, Attorney at Law.

7

     I declare under penalty of perjury under the laws of the United States of America that

8

the foregoing is true and correct.  Executed this 26th day of January 2015, in Berkeley,

9

California.

10

                  LAW OFFICE OF SHARON L. CEASAR,

11

                   /s/ Sharon L. Ceasar

12

                  Sharon L. Ceasar, Attorney for Debtor in Possession
                  Waukeen McCoy

13

14

15

16

17

18

19

20

21

22

23

24

25

-2-

Case No. 14-30381 HLB
Declaration of Sharon L. Ceasar in Support of Order to Release Surplus Funds Held by Chicago Title and Reasonable Attorney's Fees

Case: 14-30381   Doc# 163   Filed: 01/28/15   Entered: 01/28/15 21:17:53   Page 2 of 22

**EXHIBIT "A"**


# Chicago Title Escrow Surplus - McCoy [OFN: 3053-266]

8 messages

**Jason Burris** <jasonb@hhlawgroup.com>                    Wed, Dec 24, 2014 at 10:49 AM
To: "sharonlceasar@gmail.com" <sharonlceasar@gmail.com>
Cc: Jon Klein <jonk@hhlawgroup.com>

Dear Ms. Ceasar,

In follow up to my voicemail message to you yesterday, since this surplus matter involves bankruptcy issues,
taxing authority issues, and in light of the ongoing litigation between Mr. McCoy and Chicago Title in San
Francisco County Superior Court, we have decided for now that we will not proceed with interpleading the funds.
I have reviewed and analyzed the bankruptcy, tax and foreclosure issues and will be presenting my
recommendations to Lori Hershorin when she returns from vacation next week. After that, we will work with
Chicago Title so they may make an informed decision.

I understand from the allegations contained in the two state-court complaints filed against Chicago Title by Mr.
McCoy that there is potentially much more at stake here than the $310k surplus. However, at this time, I do not
have authorization to transfer the surplus to you to be held in your trust account. Additionally, I do not have the
authority to provide any documentation to you regarding the foreclosure because of the ongoing state-court
litigation and because my scope is limited to the interpleader at this time. I do note that there is a September 3,
2014 letter from your client to Chicago Title in my client's escrow file that suggests that he received notice of the
surplus.

In light of your recent correspondence and requests, will you be filing second amended schedules with the
bankruptcy court to disclose any contingent claim Mr. McCoy may have to the surplus?

If you have any questions for me in the meantime, please do not hesitate to contact me directly. I am looking
forward to working with you to resolve this issue of the surplus.

Best,



HERSHORIN & HENRY, LLP
ATTORNEYS AT LAW

Jason R. Burris, Esq.

**Sharon Ceasar <sharonlceasar@gmail.com>**                                    Wed, Dec 24, 2014 at 1:00 PM
To: Jason Burris <jasonb@hhlawgroup.com>, "<wqm@mccoyslaw.com>" <wqm@mccoyslaw.com>

Please find attached letter dated December 24, 2014
[Quoted text hidden]

 **CEASAR DEC. 24 LETTER REVISED.docx**
19K

---

**Jason Burris <jasonb@hhlawgroup.com>**                                      Wed, Dec 24, 2014 at 1:41 PM
To: Sharon Ceasar <sharonlceasar@gmail.com>
Cc: Jon Klein <jonk@hhlawgroup.com>

Dear Mrs. Ceasar,

Thank you for your response. However, I respectfully disagree with your position regarding the surplus and the schedules. My office is closing in thirty minutes. We are out tomorrow and Friday. Even if I had authorization to release the funds to you, it is simply not humanly possible to do so by the close of business on Friday. Also, this firm does not have the funds; the funds are still with the escrow office.

You have asked for my recommendations. I am not going to share my work product with you. I will meet with my partner next week, advise and counsel my client, and report back to you in a timely manner. Again, the scope of my representation of Chicago Title does not include providing an accounting of the surplus. I can say however, that the escrow file is replete with notices to Mr. McCoy of the sale and the surplus.

Chicago Title is a large organization. In this scenario, it is also a neutral stakeholder. I mentioned the state court cases to demonstrate that the dynamics of this situation will require that I will have to work with multiple decision-makers within Chicago Title in order to have them direct me on how to proceed, based on my opinion and recommendations. Obviously, this will take more than the one business day that you have afforded my office to address your client's demands.

Both you and your client have asserted multiple times now that we are violating the stay. I welcome a written explanation supported by relevant authority as to how my firm, or my client, is violating the stay by either not interpleading or interpleading the funds. See generally, *Rett White Motor Sales Co. v. Wells Fargo Bank,* 99 B .R. 12 (N.D.Cal.1989). I also welcome an explanation as to how your client's bankruptcy dictates that the surplus should be released to you or to your client, particularly in light of the IRS' priority.

It is not my client's intent, or this firm's intent to merely create more litigation. We are engaged to advise our client on interpleading the surplus. If you would like to have a reasonable and civil discussion regarding these issues <u>next week</u> after I have an opportunity to seek direction from my client, I welcome the opportunity.

In the meantime, I respectfully request that you afford my office and my client reasonable time to address

the issues presented by your demands.

Best,



Jason R. Burris, Esq.

**Hershorin & Henry, LLP**

27422 Portola Parkway, Suite 360

Foothill Ranch, CA 92610

Telephone Number: **(949) 859-5600**

Facsimile Number: **(949) 859-5680**

jasonb@hhlawgroup.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient (s) named above. This message may be an attorney-client communication and/ or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

**From:** Sharon Ceasar [mailto:sharonlceasar@gmail.com]
**Sent:** Wednesday, December 24, 2014 1:00 PM
**To:** Jason Burris; <wqm@mccoyslaw.com>
**Subject:** Re: Chicago Title Escrow Surplus - McCoy [OFN: 3053-266]

[Quoted text hidden]

 **CEASAR DEC. 24 LETTER REVISED.DOCX**
19K

---

Jason Burris <jasonb@hhlawgroup.com>                    Wed, Dec 24, 2014 at 1:41 PM
To: "sharonlceasar@gmail.com" <sharonlceasar@gmail.com>
Cc: Jon Klein <jonk@hhlawgroup.com>

Dear Ms. Ceasar,

In light of your recent correspondence and requests, will you be filing second amended schedules with the bankruptcy court to disclose any contingent claim Mr. McCoy may have to the surplus?

If you have any questions for me in the meantime, please do not hesitate to contact me directly. I am looking forward to working with you to resolve this issue of the surplus.

Best,



Jason R. Burris, Esq.

**Hershorin & Henry, LLP**

27422 Portola Parkway, Suite 360

Foothill Ranch, CA 92610

Telephone Number: **(949) 859-5600**

Facsimile Number: **(949) 859-5680**

jasonb@hhlawgroup.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient (s) named above. This message may be an attorney-client communication and/ or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

 **201412241216.pdf**
2928K

---

**Sharon Ceasar** <sharonlceasar@gmail.com>                    Wed, Dec 24, 2014 at 1:48 PM
To: "<wqm@mccoyslaw.com>" <wqm@mccoyslaw.com>
Bcc: sharonlceasar@gmail.com

Sent from my iPhone

Please be advised that we have received two (2) two-page letters from your client today, which are attached to this email.

As a courtesy, please inform Mr. McCoy of Chicago Title's position regarding the surplus at this time, in order to avoid any confusion. This firm will not be responding directly to Mr. McCoy because, it is our understanding based on our written and verbal communications with you that you represent Mr. McCoy in connection with the foreclosure and the surplus.

In the letter, Mr. McCoy makes a claim to the surplus and suggests that the surplus belongs to him, and that he personally is *"loosing"* interest on the funds. However, unless I have missed it, any contingent or unliquidated claim to the funds by Mr. McCoy is not disclosed in the schedules or amended schedules. Since both you and Mr. McCoy have asserted that the surplus is property of the estate, please confirm that Mr. McCoy will be filing amended schedules next week disclosing his claim to the surplus, pursuant to 11 USC 541a.

Certainly, reasonable minds can always disagree. In the spirit of reasonable disagreement, I do not agree with the assertion made by you and, now, by Mr. McCoy that Chicago Title is somehow violating the automatic stay or subject to sanction. The case law in the northern district is clear to me that an interpleader action does not violate the stay and that the res is not part of the estate because the gravamen of the interpleader is to decide to whom the funds belong. While there are limited exceptions to the general rule, and other districts *outside* California are divided on these issues, I am not aware of a published opinion where a plaintiff-in-interpleader was sanctioned for holding a surplus or for prosecuting an interpleader. If I am incorrect, I welcome the opportunity to be educated further.

The rather improvisational tone (to use a polite adjective) of the letters that were purportedly written by an experienced attorney surprised me, to say the least. Furthermore, aggressive nature of the letters does nothing to advance the ball down the field for anyone involved. As a practical matter, even if I agreed with Mr. McCoy's position, it is not humanly possible for this firm, or Chicago Title, to acquiesce to his demands by this Friday, for obvious reasons. Moreover, the letters also suggest that Mr. McCoy has a fundamental misunderstanding of bankruptcy law.

In the letter Mr. McCoy also asks for foreclosure documents and an accounting of the surplus. The scope of my engagement with Chicago Title is to advise them regarding interpleading the surplus. I have explained to you that in light of the bankruptcy and tax issues that we are, at present, holding off on commencing an interpleader action. It is also not within my scope to provide Mr. McCoy with the information and documentation he is requesting, nor do I have authorization from my client to provide same.

It is clear that the foreclosure is a source of extreme aggravation for Mr. McCoy. If your client wishes to file yet another action against Chicago Title, that is his right. However, this firm does not take kindly to spontaneous and unsupported threats, particularly when it is engaged as counsel for a neutral stakeholder. To that end, please explain the current state of affairs to your client.

If my office receives another missive of the nature and extent of today's from Mr. McCoy, I will have no choice but involve the Chapter Trustee and the OUST.

Best,



**HERSHORIN & HENRY, LLP**
ATTORNEYS-AT-LAW

December 30, 2014

<u>*Via E-mail Only*</u>
Sharon L. Ceasar, Esq.
Law Offices of Sharon L. Ceasar
1191 Solano Avenue, #6573
Albany, California 94706-9991
*sharonlceasar@gmail.com*

        **Re:**   <u>**Chicago Title v. Waukeen McCoy, et al**</u>
                Property: 21 Buena Vista Ave. East, San Francisco, CA
                Escrow Surplus No.: F14-01-13Z-FCL
                H&H file No.: 3053-266

Dear Ms. Ceasar:

      I am in receipt of your most recent correspondence wherein you and your client continue to demand the surplus.

      I informed you that Chicago Title had the funds because I mistakenly believed that my client had already sent the funds to this office as is standard procedure for interpleader actions. It was not a legal position, merely a fact.

      My client is not exercising control over estate property because there is no judicial determination that the surplus is estate property. My client is a neutral escrow stakeholder of funds that were tendered by a third party after a foreclosure sale that was effectuated following an order of the bankruptcy court granting said relief – a motion which your client failed to oppose. The civil code provides escrow with significant time to perform due diligence and there are extraordinary circumstances here. My client has elected to proceed with an abundance of caution in light of these circumstances.

      I am aware of the liberal construction of the term "property", and the liberal application of the stay. It is not my obligation to make a determination as to whether or not the surplus is part of the bankruptcy estate. If you and your client want to seek such a determination from the bankruptcy court, I will not oppose such a motion. Your correspondence expresses an absolute certainty that the property is part of the estate (without any relevant supporting legal authority), then the bankruptcy court, and not your client, would have jurisdiction over that issue.

---

27422 Portola Parkway, Suite 360, Foothill Ranch, CA 92610
Telephone: 949.859.5600 ▪ Fax: 949.859.5680



My client has an obligation to perform due diligence as to the priority of the junior lienholder's claims to the surplus. If the priority cannot be determined in a reasonable time, escrow may interplead the funds. Some courts hold that the foreclosure after relief from stay cuts off the debtor's rights to the surplus, and I am willing to wager that some courts hold differently. Whether or not your client has an equitable interest in the surplus, and if that equitable interest is part of the estate is not a black and white issue here. Technically, there is no "surplus" available to your client because the junior liens eclipse the excess proceeds.

I am also aware that your client is a debtor-in-possession. However, your client has also made a claim to the surplus personally, and represented that without the surplus being released to him he represented that he cannot make certain post-petition payments. Yet, there is no proposed Chapter 11 plan filed from which to seek any guidance because your client failed to file a Chapter 11 plan by the October 3, 2014 deadline. Over two months later, your client filed an *ex parte* application to extend the deadline, on which the court has yet to rule. Plan or not plan, there certainly are competing interests here, and there is a clear question as to whether or not the funds are part of the estate.

Your client's recent actions suggest that he does not have the best interests of the creditors in mind. Your client has created a potential conflict of interest and my client cannot release the funds to Mr. McCoy, or you. Additionally, I cannot direct my client to release the funds to you and expose them to liability to the IRS or any other creditors, which the estate exists to benefit. My client has a reasonable basis in being cautious because there is a lot of money at stake. It is extremely unlikely in my mind that the bankruptcy court would punish a neutral stakeholder for being cautious, reasonable, and neutral in not releasing the funds at this time. If it was so inclined, I am confident that any amount would pale in comparison to any liability to the creditors were I to release the funds to you or your client as you continue to demand.

Furthermore, your client continues to fail and refuse to disclose his claim to the surplus to the court in an amended schedule following the August 7, 2014 Trustee's Sale. Your client was provided with notice of the surplus following the recordation of the Trustee's Deed in August via certified mail and regular mail to multiple addresses, along with all of the junior lienholders listed on the Trustee's Sale Guarantee. Your argument that you cannot list any contingent interest in the surplus in an amended schedule because no accounting has been provided to you is unreasonable because you could list an estimated or unknown amount. I previously informed you that the surplus was approximately $310,000.00. I can confirm that the amount is $309,839.34. I have asked my client to provide me with an accounting, which I will circulate when I receive it. Incidentally, Minnie Loo at the OUST also asked for a copy when I spoke with her yesterday.

Case: 14-30381    Doc# 163    Filed: 01/28/15    Entered: 01/28/15 21:17:53    Page 10 of 22



At this time, because of the IRS lien priority and bankruptcy issues, my client cannot make a determination as to the priority of the junior lienholders claims. In my experience, when the IRS is involved, they control where they will be subjected to jurisdiction, whether it be tax court, district court, state court, or Washington D.C. In my experience, if we were to file an interpleader action, the IRS would remove it to district court. I confirmed this with Assistant United States Attorney Jeffrey Lodge in the Eastern District yesterday. Mr. Lodge and I have worked on several IRS surplus claim issues together. He offered to collaborate with the IRS on this issue and the DOJ in the Northern District. It is unreasonable that your client continues to demand this surplus when the IRS has a "secret" lien on the foreclosed property that encompasses all of the debtor's property or rights to the property. As such, my client has directed me to await further instruction from the attorneys for the IRS.

When the IRS responds substantively, I will likely recommend to my client that we seek relief, either through a motion or a comfort order, to proceed with an interpleader. If we interplead without direction from the IRS regarding jurisdiction, it will not be economically feasible because Chicago Title will seek reimbursement for its attorney's fees and costs from the surplus, pursuant to statute.

Again, if your client wants to seek legal redress against Chicago Title, as you have threatened on multiple occasions now, that is your client's right. In the event that we do proceed with an interpleader action, you should be aware that California state law bars tort liability against escrow for interpleading a surplus.

If this does not alleviate you and your client's immediate concerns, I suppose I could recommend to my client that Chicago Title moves the court to dispossess Mr. McCoy and appoint a Chapter 11 Trustee to handle the surplus. I would seek a joinder in such a motion by all of Mr. McCoy's creditors.

Very truly yours,
**HERSHORIN & HENRY, LLP**

/s/ Jason R. Burris

Jason R. Burris
Attorney at Law
*jasonb@hhlawgroup.com*

JRB/jb
cc: client; Minnie Loo, via email, Jeffrey Lodge, via email
K:\Interpleaders\CALIFORNIA INTERPLEADERS\CHICAGO V. WAUKEEN, MCCOY (3053-366)\Correspondence

Case: 14-30381    Doc# 163    Filed: 01/28/15    Entered: 01/28/15 21:17:53    Page 11 of 22

**EXHIBIT "B"**



555 Montgomery Street, Ste. 1100
San Francisco, CA 94111
Web: waukeenqmccoy.com

*Law Offices of*
*Waukeen Q. McCoy*

Phone: (415) 675-7705
Facsimile: (415) 227-4478
Email: mail@mccoyslaw.com

December 24, 2014

*VIA FAX: 949-859-5680*

John Klein
Hershovin & Henry
27422 Portola Parkway 360
Foothill Ranch, CA 92610

RE: 21 Buena Vista Ave East
Chicago Title File No. F09-08-84 LRC
A.P. No. 1241-009A

Dear Mr. Klein:

I am requesting that you release funds to me held by you and your organization/client in the above-captioned matter no later than this Friday, December 26, 2014. You are directed to send the check to my Attorney Sharon Ceasar, who has been in contact with you. Your claim that you will file an adversary proceeding is a violation of the automatic stay, is a malicious and frivolous act and I will not allow you to delay matters further. You cannot take action against me while I am under Bankruptcy protection.

My home was "sold" on August 7, 2014 and I have requested on numerous occasions for you and your organization/client to provide an accounting. I also have requested, and have made requests through my attorney, for you and/or your organization/client to release funds from the sale to me. You have no right to hold the funds as I filed bankruptcy and all collection matters are stayed. Furthermore, I cannot make preference to one creditor over another and that creditor if it wants to take action against me must go to the Bankruptcy Court and ask for relief from the automatic stay. No taxing authority has done that! They have, however, filed a claim and are waiting on the Plan. You have known this, and for 4 months have unlawfully and wrongfully withheld money that is due to me. You have had plenty of time to figure this out and have failed to act. You cannot simply continue to delay matters and deny my right to the funds. I find your actions not only to be unethical and illegal, but also racist! How many white homeowners, who actually have made an honest living, have you taken and held their funds, after they have filed for Bankruptcy. NONE.

How would you like to have you home taken from you and not have one document related to the sale and no explanation as to why the excess funds have not been provided to you. This is not a typical foreclosure sale where you determine who gets what. I am in Bankruptcy

Case: 14-30381   Doc# 163   Filed: 01/28/15   Entered: 01/28/15 21:17:53   Page 13 of 22

and you do not have this privilege of deciding who gets what, and you know that. I also am loosing interest on the funds and am unable to pay certain post-petition bills.

I am requesting that you provide an accounting of the sale and any other documents related to the foreclosure and a check payable to me forwarded to my attorney, no later than Friday, December 26, 2014. Yes, you have one working day to get this right! If I do not receive confirmation that you have done what I am requesting, I will have no choice but to file a civil complaint against you, your firm, Chicago title and anyone else that was involved with this fraudulent transaction for conversion and unfair business practices, amongst other things. I will request sanctions against you and I will also report you to the proper authorities that regulate the practice of your profession for ethics and for violations of the automatic stay. If you know me, which I am sure that you have done your research, I will act on what I am stating to you. I maybe in a unique circumstance due to my financial position but I certainly know right from wrong and will not continue to let you people deny me my basic rights. I trust that you do not want any protracted litigation. I look forward to the confirmation by this Friday.

LAW OFFICES OF WAUKEEN McCOY

WAUKEEN McCOY, ESQ.

cc: Sharon Ceaser, Esq.

# EXHIBIT "C"

## Law Offices of Sharon L. Ceasar
1191 Solano Avenue, #6573
Albany, California 94706-9991
Telephone (510) 528-1640
Facsimile (510) 898-1940
E-Mail sharonlceasar@gmail.com

December 24, 2014

*VIA FAX: 949-859-5680*

Jason Burris, Esq.
Jon Klein
Hershovin & Henry
27422 Portola Parkway 360
Foothill Ranch, CA  92610
     RE:  21 Buena Vista Ave East
     Chicago Title File No:  F09-08-84 LRC
     A.P. No. 1241-009A

Dear Mr. Burris and Mr. Klein:

At least two weeks ago, I sent a letter requesting the release of the funds held by your company in the sale of the above referenced real property.  I spoke with you on Monday December 22, 2014 and you agreed that it has been some time and the matter needs to be resolved as soon as possible.

To that end, you were to determine when the three hundred and one thousand dollars ($301,000.00) held since August 7, 2014 by your company would be released.  You explained that a check was written out to the Clerk of the Superior Court in that amount but not deposited with them almost six months ago.  You now claim that you will not be proceeding with interpleading the funds but do not confirm that you will be turning the funds over to my client.

You also speak about your "recommendations" but omit what your recommendation will be to Ms. Hershorin.  You further state that "after that, we will work with Chicago Title so they may make an informed decision."  Chicago title has only one decision to make and that is to turn over the funds that they have held for 4 long months to Mr. McCoy and that should happen no later than December 26, 2014.

Also, you mentioned the state courts cases as if they are a determining factor as to whether you should release the funds to

1

Mr. McCoy. Those issues in State Court have no bearing on the funds held by you as those lawsuits were filed way before the foreclosure sale and there are no claims that relate to the surplus funds in those state-court proceedings.

Mr. Klein, I realize that you are not an attorney, however, it is unlawful for your company to continue to hold on to these funds which do not belong to it or anyone else other than Mr. McCoy. Mr. Burris, you are licensed to practice law and should be aware of the consequences of your lack of due diligence and continued violations of the Bankruptcy automatic stay. If I do not receive the funds by Friday December 26, 2014, I will assume that your company wants to litigate this matter. I will take the appropriate steps to have your company disgorge the funds with interest, costs of suit and attorney's fees for having to pursue this matter through litigation.

As far as your request related to the amended schedules, I am informed and believe that Mr. McCoy was not well advised through his previous counsel and once funds are received will file the appropriate documentation to the Court to apprise the Court of such funds. The problem is, as you point out, you have failed to provide Mr. McCoy with an accounting so that he can properly make any disclosure.

Very truly yours,

The Law Office of Sharon L. Ceasar
/s/ Sharon L. Ceasar
Attorney for Waukeen McCoy

2

**Law Offices of Sharon L. Ceasar**
1191 Solano Avenue, #6573
Albany, California 94706-9991
Telephone (510) 528-1640
Facsimile (510) 898-1940
E-Mail sharonlceasar@gmail.com

December 26, 2014

*VIA FAX: 949-859-5680*

Jason Burris, Esq.
Jon Klein
Hershovin & Henry
27422 Portola Parkway 360
Foothill Ranch, CA 92610
    RE: 21 Buena Vista Ave East
    Chicago Title File No: F09-08-84 LRC
    A.P. No. 1241-009A

Dear Mr. Burris and Mr. Klein:

I am in receipt of your letters dated December 24, 2014. In my legal opinion your clients have no right to continue to hold on to funds that belong to my client the Estate of McCoy. Your response that it is not you but your clients who are holding on to these funds awaiting a legal determination as to who is the rightful owner of the funds is insufficient.

The term "property" has been construed most generously and an interest is not outside the bankruptcy reach because it is contingent or its enjoyment must be postponed. *See, In Re Bialac*, 712 F.2d 426 (1983). As 11 U.S.C. ¶541 states property:

> ". . . is an all-embracing definition which includes charges on property, such as liens held by the debtor on property of a third party, or beneficial rights and interest, that the debtor may have ..." in property.

In your letter you cite *Rett White Motor Sales Co. v. Wells Fargo Bank*, 98 B.R. 12 (N.D. Cal. 1989). I have reviewed that case and it is inapposite to the situation we have here with Mr. McCoy. The debtor in that case had his funds attached prior to filing bankruptcy. As you are aware, Mr. McCoy filed bankruptcy in March of 2014. He is currently a debtor-in-possession. His home was foreclosed on August 7, 2014. Your clients received the surplus funds from this sale in August of 2014 and have

1

continued to **exercise control over** these surplus funds since then.

11 U.S.C. ¶ 362(a) mandates that any lien or action to perfect a lien is subject to the automatic stay which includes:
    ". . . (4) any act to create, perfect, or enforce any lien against property of the estate."

Only two requests for Relief from the Automatic Stay were filed in the Estate of McCoy. Neither of those requests were filed by your clients or the IRS. The automatic stay as to the IRS is still in effect. For your benefit:

> "The scope of the automatic stay is undeniably broad. Without it, certain creditors would be able to pursue their own remedies against the debtor's property. Those who acted first would obtain payment of the claims in preference to and to the detriment of other creditors. Bankruptcy is designed to provide an orderly liquidation procedure under which all creditors are treated equally." *In Re Bialac, supra,* 712 F.2d 426, 431.

The IRS like all other creditors must satisfy their liens/claims against Mr. McCoy in the bankruptcy proceeding which they did by filing a claim for the total amount that they allege is due to them.

Again, 11 U.S.C. ¶362(a)(3) operates as a stay of ". . . any act **to exercise control over property of the estate.**" (emphasis added.) Your clients' actions in retaining these surplus funds for over four months without filing an interpleader action shows that your company is aware that the IRS is not seeking relief from the automatic stay to obtain the funds. Further, your clients' failure to provide an accounting to my client and/or to my office prevents me from amending his schedules to account for the surplus funds. The heart of this problem is your clients have no legal standing to retain the surplus funds.

Thus, I have no choice but to seek relief from the Bankruptcy Judge naming your clients as adversaries and seeking attorney's fees and costs for having to litigate the matter. Your clients have had four months to decide how they wanted to resolve this matter short of litigation but have failed to do so.

If your clients want to keep their heads in the sand while litigation continues to escalate at their expense that is their

prerogative. But I am preparing legal action against them seeking the return of the surplus funds with interest and attorney's fees and costs for having to go forward in this manner. Should your clients reconsider their position, please telephone me as soon as possible or email me your clients' confirmation that they will release the funds immediately to either Mr. McCoy as a debtor-in-possession or to my attorney client trust account.

                    Very truly yours,

                    /s/ Sharon L. Ceasar
                    Sharon L. Ceasar
                    Attorney for Waukeen McCoy

Case: 14-30381    Doc# 163    Filed: 01/28/15    Entered: 01/28/15 21:17:53    Page 20 of 22

**EXHIBIT "D"**



**HERSHORIN & HENRY, LLP**
A T T O R N E Y S - A T - L A W

January 14, 2015

<u>***Via Overnight Mail & Email***</u>
Ms. Sharon L. Ceasar
Law Offices of Sharon L. Ceasar
1191 Solano Avenue, #6573
Albany, California 94706-9991

> **Re:** **Chicago Title v. Waukeen McCoy, et al**
> Property: 21 Buena Vista Ave. East, San Francisco, CA
> Escrow Surplus No.: F14-01-13Z-FCL
> H&H file No.: 3053-266

Dear Ms. Ceasar:

Judge Blumenstiel denied the Debtor's Ex Parte Application to Release Funds (Application). You failed to provide notice of the Application to my office. It is my understanding that you instead provided notice of the Application to counsel for Chicago Title in the separate civil action, Bryan Cave LLP, despite it being clear from our verbal and written communications that this firm represents Chicago Title regarding the surplus. Please provide any and all notices from the Debtor regarding the surplus to this firm until further written notice is given. Chicago Title expressly reserves all rights to oppose any further motions or applications by the Debtor regarding the surplus.

This office is continuing to put pressure on the IRS to make a decision regarding jurisdiction for an interpleader action. By Tuesday, January 20, 2015, please inform me if your client is willing to stipulate to relief from the automatic stay to allow Chicago Title to proceed with an interpleader action pursuant to California law. This will alleviate the need for Chicago Title to seek relief from the stay in a regularly noticed motion. Note also that Chicago Title will seek reimbursement from the surplus of all reasonable attorney's fees and costs that it incurs in handling the surplus and any interpleader pursuant to *California Civil Code of Procedure* section 386.6.

Sincerely,
**HERSHORIN & HENRY, LLP**

Jason R. Burris
Attorney at Law

JRB/jb
cc: client; Dena M. Cruz, Esq.
*K:\Interpleaders\CALIFORNIA INTERPLEADERS\CHICAGO V. WAUKEEN, MCCOY (3053-366)\Correspondence*

---

27422 Portola Parkway, Suite 360, Foothill Ranch, CA 92610
Telephone: 949.859.5600 ▪ Fax: 949.859.5680