DAVE M. MCGRAW (SBN 86389)
**FIDELITY NATIONAL LAW GROUP**
**THE LAW DIVISION OF FIDELITY NATIONAL TITLE GROUP, INC.**
1550 Parkside Drive, Suite 300
Walnut Creek, CA 94596
Telephone: (925) 817-3714
Facsimile: (925) 930-9588

Attorneys for Plaintiff,
CHICAGO TITLE COMPANY

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| IN RE:<br><br>WAUKEEN QUANDRICO MCCOY,<br><br>Debtor, | CASE NO. 14-30381<br>Chapter 11<br>Previous Chapter 13<br><br>OPPOSITION TO DEBTOR'S MOTION TO RELEASE SURPLUS FUNDS BY CHICAGO TITLE COMPANY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION<br><br>Date: March 12, 2015<br>Time: 10:00 a.m.<br>Place: United States Bankruptcy Court<br>235 Pine Street, 19th Floor,<br>San Francisco, California 94104<br>Courtroom: 23<br>Judge: Hon. Hannah Blumenstiel |
|---|---|

**COMES NOW STAKESHOLDER, CHICAGO TITLE COMPANY,** and files this opposition to Debtor's Motion to Release Surplus Funds and for Attorney's Fees as follows:

# I

# CHRONOLOGICAL AND FACTUAL BACKGROUND

The factual background of the instant case is well known to this Court and to the parties and participants in the upcoming hearing. The debtor's previous residence located at 21 Buena Vista Avenue, San Francisco was sold at public auction on August 7, 2014 pursuant to an Order Terminating Automatic Stay issued by this Court June 24, 2014. The result of the Trustee's Sale was that the senior lien, a deed of trust held by the beneficiaries thereof Buena Vista Park, LLC and Mr. Kenneth Page was extinguished and a surplus of funds was generated, (hereinafter "the Surplus"), in the original sum of $309,839.34. Chicago Title Company was the Trustee.

On January 5, 2015 the Debtor made an ex parte application for an order directing Chicago Title Company to "release" the Surplus to the debtor or debtor's counsel. That motion was denied January 12, 2015 on the combined grounds that at least one party disputed debtor's entitlement to the Surplus and that no Memorandum of Points and Authorities was provided as required by B.L.R. 9013-1(b) (3) citing "relevant authority".

On January 28, 2015, debtor's counsel caused to be filed multiple pleadings with conflicting titles e.g. "Notice of Hearing Re: *Motion* to Release Surplus Funds Held By Chicago Title and Request for Attorney's Fees" and "Declaration of Sharon L. Ceasar in Support of *Order to* Release Surplus Funds Held by Chicago Title and Reasonable Attorney's Fees". The gist of these rather confusing pleadings is that the Debtor wants this Court to order Chicago Title Company to deliver the Surplus to him or his lawyer. What was missing the last time this Debtor made an effort to take control of the Surplus (January 5, 2015) and what *remains* unanswered in his latest effort here is: What authority exists to support the Debtor's belief that he has any right whatsoever to control the surplus proceeds? To be sure the Debtor and his counsel have graciously provided a Memorandum of Points and Authorities which, upon review, has literally nothing to do with the Surplus or the disbursement of surplus funds in general. Whether through ignorance of the law or intention, the Debtor and his counsel have missed the point and missed the mark.

2

OPPOSITION TO DEBTOR'S MOTION TO RELEASE SURPLUS FUNDS BY CHICAGO TITLE COMPANY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION

Case: 14-30381    Doc# 173    Filed: 02/20/15    Entered: 02/20/15 21:24:29    Page 2 of 5

## II

## THE BANKRUPTCY COURT
## MUST DEFER TO STATE LAW

The handling of the Surplus must necessarily be pursuant to State law.

The determination of property rights by the bankruptcy court is ordinarily controlled by state law. See: <u>Butner v. United States</u>, 440 U.S. 49, 54; 99 S. Ct. 914.

That axiom was recently reaffirmed by the Ninth Circuit BAP in <u>In re Smith</u>, (July 08, 2014) 435 B. R. 637 holding:

In matters of State Law, we are compelled to defer to the courts of the State.

As the state law of California specifically addresses the order of distribution of surplus funds generated at a non-judicial foreclosure sale, the bankruptcy court must defer to California statutory authority.

## III

## THE ORDER OF DISTRIBUTION
## OF THE SURPLUS IS STATUTORY

California Civil Code §2924k provides in pertinent part:

> Distribution of proceeds of trustee's sale; priority
> The *trustee* (of the deed of trust), or the *clerk of the court* upon order to the clerk pursuant to subdivision (d) of section 2924j, shall distribute the proceeds, or a portion of the proceeds, as the case may be, of the trustee's sale conducted pursuant to Section 2924h in the following order of priority:
>
> (2) To the payment of the obligation secured by the deed of trust or mortgage which is the subject of the trustee's sale;
>
> (3) To satisfy the outstanding balance of obligations secured by any junior liens or encumbrances in the order of priority;
>
> (4) To the trustor or the trustor's successor in interest.
> [Emphasis Added]
>
> The Debtor herein is neither the Trustee nor the Clerk of the Court. Moreover, a simple review of the dictates of CC §2924j above makes it abundantly clear that the former trustor, herein the Debtor, *only* has an interest in the Surplus if all lienholders against the subject property are paid in full *first*.

3

OPPOSITION TO DEBTOR'S MOTION TO RELEASE SURPLUS FUNDS BY CHICAGO TITLE COMPANY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION

As the Court is aware, Chicago Title Company has filed Adversary Proceeding No. 15-03003. That action seeks to interplead the Surplus and deliver the funds to the Clerk of Bankruptcy Court, subject to an order of this Court as to how, when and to whom surplus funds shall be distributed. Chicago Title Company is merely a stakesholder. Chicago Title Company respectfully suggests that the law is clear as to how this matter should be handled and nowhere is there any relevant authority supporting the proposition of the Debtor and his attorney that the funds should be turned over to one of them.

## IV

## THERE IS NO LEGAL BASIS FOR AWARD OF ATTORNEY FEES AND COSTS

The only legal basis for an award of attorney fees and costs in the present circumstances must be based upon contractual relationships. Here, the only privity of contract between the debtor Mr. McCoy and Chicago Title Company arose from the deed of trust or Substitution of Trustee, i.e. Trustor and Trustee. However, that relationship was extinguished by operation of law at the Trustee's Sale. Because the Deed of Trust has been extinguished pursuant to CC§ 2924 and CCP§ 726 there is no privity of contract between the parties and thus no basis upon which to award attorney fees and costs.

## V

## CONCLUSION

Given the lengthy list of questions the Court has posed to the Debtor in the pending Order to Show Cause Why the Case Should Not be Dismissed or Converted filed 2/12/2015, it is apparent that the Court has concerns regarding the Debtor's financial choices/responsibility. Does it truly make

4

OPPOSITION TO DEBTOR'S MOTION TO RELEASE SURPLUS FUNDS BY CHICAGO TITLE COMPANY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION

Case: 14-30381    Doc# 176    Filed: 02/20/15    Entered: 02/20/15 21:24:23    Page 4 of 5

sense to turn over to the control of this Debtor or his lawyer another $310,000 that is not his? Chicago Title Company respectfully requests that it does not and urges this Court to deny the Motion to Release Surplus Funds in its Entirety.

Dated: February 20, 2015          FIDELITY NATIONAL LAW GROUP
                                  The Law Division of Fidelity National Title Group, Inc.


                                  By:  /s/Dave M. McGraw
                                      DAVE M. MCGRAW
                                      Attorneys for Plaintiff,
                                      CHICAGO TITLE COMPANY

5
OPPOSITION TO DEBTOR'S MOTION TO RELEASE SURPLUS FUNDS BY CHICAGO TITLE COMPANY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION

Case: 14-30381    Doc# 178    Filed: 02/20/15    Entered: 02/20/15 21:24:23    Page 5 of 5