Sharon L. Ceasar, SBN 160869
Attorney at Law
1191 Solano Avenue #6573
Albany, CA 94706
Telephone: (510) 528-1640
Facsimile: (510) 898-1940
sharonlceasar@gmail.com


Attorney for
WAUKEEN Q. MCCOY,
Debtor in Possession and Defendant

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In re: WAUKEEN Q. MCCOY,** <br> Debtor in possession, | **Case No.: 14-30381 HLB** |
| | **Adversary No.: 15-3003-HLB** |
| | **Chapter 11** |
| **CHICAGO TITLE COMPANY, a Califoria Corporation** <br><br> Plaintiff, <br> vs <br><br> **WAUKEEN MCCOY, UNITED STATES TRUSTEE, UNITED STATES of AMERICA –INTERNAL REVENUE SERVICE, STATE OF CALIFORNIA – FRANCHISE TAX BOARD, and DOES 1 through 50, inclusive** <br><br> Defendants. | **DEBTOR'S REPLY TO CHICAGO TITLE COMPANY'S OBJECTION TO RELEASING THE MORE THAN $309,000.00 WRONGFULLY BEING HELD AND REQUEST FOR ATTORNEY FEES TO BE PAID TO THE DEBTOR'S ATTORNEY** <br><br> **Date:  March 12, 2015** <br> **Time:  10:00 a.m.** <br> **Place: US Bankruptcy Court** <br> **235 Pine St., 19th Fl., San Francisco, CA 94104** <br> **Courtroom: 23** <br> **Honorable HANNAH BLUMENSTIEL** |

DEBTOR IN POSSESSION WAUKEEN MCCOY ("McCoy") hereby files this Reply

Chicago Title Company's Opposition to his Motion to Release Surplus Funds held by them.

Chicago Title claims that it objects to turning over the more than $309,000.00 to the control

-1-

Debtor's Reply to Opposition

of this Bankruptcy Court out of the possession of Chicago Title Company which has wrongfully held the money since the close of escrow on August 7, 2014 preliminary with ad hominem attacks.

## BACKGROUND

The record of this Court should be made very clear. The Debtor's Attorney, The Law Office of Scott J. Sagaria substituted in on April 7, 2014. They should have opposed the initial release from stay Motion. The property located at 21 Buena Vista Avenue East, San Francisco, California was a major asset of the Debtor and was in escrow with a binding contract when the Debtor originally filed a Chapter 13 on March 12, 2014.

When the Debtor retained the Sagaria Law Firm and converted the Chapter 13 to a Chapter 11 on June 5, 2014, a Motion to allow the Buena Vista property in escrow to be closed should have been submitted to the Bankruptcy Court for approval. Instead, a foreclosure was allowed. But, the surplus of more than $309,000.00 should have been turned over to Bankruptcy Court by Chicago Title Company and placed under the control of this Court as an asset of the Debtor's Bankruptcy Estate.

For reasons unclear to the Chapter 11 Debtor in Possession and the Debtor's current Chapter 11 legal counsel that substituted into this Chapter 11 case on October 30, 2014, Chicago Title Company has sought to Interplead the more than $309.000.00 into State Court. Chicago Title has also contacted the Internal Revenue Service seeking to involve the government agency in their Opposition to submitting the more than $309,000.00 into this Bankruptcy Court case. It should be noted that the Internal Revenue Service filed in this Bankruptcy case that it will deal with the Debtor in this Chapter 11 case herein in seeking to resolve any Internal Revenue Service Bankruptcy Claim which has been filed in this case.

Debtor's Reply to Opposition

1  It is clear that Chicago Title Company has wasted time in its effort to avoid depositing

2  the more than $309,000.00 into this Bankruptcy proceeding. This Court should deny the

3  Chicago Title Company's request for Attorney Fees in full. This Court should approve the

4  Debtor's Attorney's request for reasonable attorney fees as outlined in the Motion and

5  Declarations in support thereof filed on February 28, 2015.

## POINT AND AUTHORITIES: THE BANKRUPTCY COURT MAY APPLY BOTH STATE AND FEDERAL LAW IN DETERMINING PROPERTY RIGHTS

8  The 21 Buena Vista Avenue property was property of the Bankruptcy Estate at the

9  time of the original Chapter 13 filing. After the Relief from Stay was granted by this Court

10  and the property was sold, the surplus held by Chicago Title remained the property of the

11  Bankruptcy Estate. Chicago Title Company is only the "Stakeholder". This Court should

12  Order the more than $309,000.00 turned over, placed in a Debtor in Possession account, and

13  disbursed only upon further order of the this Court.

14  The $309,000.00 (plus) held by Chicago Title Company has been and continues to be

15  property of the Bankruptcy Estate. It must be voluntarily or by order of this Court turned over

16  and placed under the control and jurisdiction of the Judge in this proceeding.

17  Neither, Butner v. United States, 440 U.S. 49 99 S. Ct 914 nor In re: Smith (July 8,

18  2014) 435 B.R. 637 takes away the authority over the Bankruptcy Court to manage the more

19  than $309,000.00 currently being withheld from the jurisdiction of this Bankruptcy Court by

20  Chicago Title Company. This holder has no financial claim to any portion of the money and

21  has admitted this in its own pleading. Further, it was Chicago Title who failed to follow state

22  law and interplead the funds back in September of 2014.

24  The wasted time and effort of Chicago Title Company in seeking to Interplead the

25  $309,000.00 is a waste of time and money needed by the Debtors estate.

-3-

The Attorneys for Chicago Title Company attempted to rally the Internal Revenue Service to get engaged is some dispute in either State Court or Bankruptcy Court with the Debtor herein. This was done for some misguided malicious purpose apparently, but was not successful. The Internal Revenue Service filed a Declaration in this Bankruptcy proceeding indicating a willingness to participate in this Bankruptcy Court proceeding.

The Chicago Title Company has decided two (2) Law Firms should be retained to deal with this matter. The first one substituted out of the case before responding to the Motion to Release Surplus Funds held by Chicago Title and Request for Attorney's Fees filed on February 28, 2015. The other Law Firm (David Mc McGraw of Fidelity National Law Group) has filed a Complaint in Interpleader in this Bankruptcy Court to deposit the money into this Bankruptcy Court and filed an Opposition to the Motion to Release surplus funds held by Chicago Title and Request for Attorney's Fees filed on February 28, 2015. A simple Stipulation to turn over the $309,000.00 is all that is needed.

The above stated actions of Chicago Title Company, the prior threats to file a State Court action, communications exchanged refusing turnover of the $309,000.00, all appear to be efforts by Chicago Title Company to run up attorney fees and delay turnover of the money. The Chicago Title Company is a "mere stakeholder" with no financial claim in the $309,000.00 owed to the Debtor. Any Attorney fee Request by these two (2) Law Firms should be denied under all cases brought by Chicago Title Company. (As they state based on CCP § 2924 and CCP § 726).

### THE $309,000.00 IS EQUITY OF THE DEBTOR FROM THE FORECLOSURE SALE TO BE USED FOR THE BENEFIT OF THE DEBTORS CREDITORS IN THE BANKRUPTCY PROCEEDING

The Internal Revenue Service and possible other creditors had a lien on the Debtor's

-4-

1 real property located at 21 Buena Vista Avenue, San Francisco, California that was sold at the

2 foreclosure sale on August 7, 2014. The Internal Revenue Service has filed a Claim and so

3 have other creditors. This $309,000.00 asset must be brought into the Bankruptcy estate and

4 the rights of each Claimant reviewed by this Court.

5       This Debtor hereby request that a Turnover of $309,000.00 be ordered and that any

6 other matters brought forth by Chicago Title Company and its Attorney be terminated.

7 Date: March 5, 2015

8

9                       Law Office of Sharon L. Ceasar

10                       /s/ Sharon L. Ceasar

11                       Sharon L. Ceasar, Attorney for the Debtor in
Possession and Defendant

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Debtor's Reply to Opposition